DAVID MORRIS, Respondent, v BIANNA, INC., Doing Business as ROCKIN ROBBINS, Appellant, and MICHAEL PENZO, Respondent. [894 NYS2d 84]—

On November 11, 2005, shortly after midnight, the defendant Michael Penzo stabbed the plaintiff in the abdomen with a knife, while both men were patrons of the appellant's bar in Yonkers.

The plaintiff subsequently commenced the present action, alleging, inter alia, that the incident was proximately caused by the appellant's violation of General Obligations Law § 11-101 (1), also known as the Dram Shop Act. After issue was joined, the appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

"General Obligations Law § 11-101 (1) . . . provides that a party who 'unlawfully' sells alcohol to another person is liable for injuries by reason of that person's intoxication" (*LaCatena v M.C. & E.D. Beck, Inc.*, 35 AD3d 388, 388 [2006]; *see Romano v Stanley*, 90 NY2d 444, 447 [1997]). Alcoholic Beverage Control Law § 65 (2) states that it is unlawful to furnish an alcoholic beverage to any "visibly intoxicated person."

In opposition to the appellant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether an employee of the appellant furnished an alcoholic beverage to Penzo while he was "visibly intoxicated" by submitting, inter alia, the deposition testimony of Paul DeLuca, the manager of the bar on the night of the occurrence (*see* CPLR 3212 [b]). Notably, DeLuca testified that, when he observed Penzo shortly after he had stabbed the plaintiff, Penzo's speech was slurred and his eyes were red and watery.

Accordingly, the Supreme Court properly denied those branches of the appellant's motion which were for summary judgment dismissing so much of the complaint as alleged that it violated General Obligations Law § 11-101 (1), and for summary judgment dismissing all cross claims insofar as asserted against it. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.