▪ CATHY SULLIVAN, Individually and as Executor of JOHN SULLIVAN, Deceased, Respondent, v MULINOS OF WESTCHESTER, INC., et al., Appellants, et al., Defendants. [901 NYS2d 663]—

In an action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, the defendants Mulinos of Westchester, Inc., Louis Gigante, Sr., Louis Gigante, Jr., Jimmy Cavagna, Louis Pipolo, and Ha Rugova appeal from so much of an order of the Supreme Court, Rockland County (Weiner, J.), entered September 24, 2009, as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as sought to recover damages for alleged violations of Alcoholic Beverage Control Law § 65 and General Obligations Law § 11-101 insofar as asserted against them, and the defendants Self Service, Inc., Trotters Tavern, and Anthony Goncalves separately appeal from so much of the same order as denied their motion for summary judgment dismissing so much of the complaint as sought to recover damages for alleged violations of General Obligations Law § 11-101 insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the appellants' respective motions which were for summary judgment dismissing so much of the complaint as sought to recover damages, pursuant to General Obligations Law § 11-101, for loss of services, loss of consortium, and on behalf of the Estate of John Sullivan, and substituting therefor provisions granting those branches of the appellants' respective motions, (2) by deleting the provision thereof denying that branch of the motion of the defendants Mulinos of Westchester, Inc., Louis Gigante, Sr., Louis Gigante, Jr., Jimmy Cavagna, Louis Pipolo, and Ha Rugova which was for summary judgment dismissing so much of the complaint as sought to recover damages for alleged violations of Alcoholic Beverage Control Law § 65 insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed

insofar as appealed from, with one bill of costs to the plaintiff payable by the appellants appearing separately and filing separate briefs, and, upon searching the record, summary judgment is awarded to the defendants Self Service, Inc., Trotters Tavern, and Anthony Goncalves dismissing so much of the complaint as sought to recover damages for alleged violations of Alcoholic Beverage Control Law § 65 insofar as asserted against them.

On February 11, 2005, at approximately 1:45 A.M., while traveling over the Tappan Zee Bridge, the plaintiff's decedent, John Sullivan (hereinafter Sullivan), lost control of the vehicle he was operating and was killed when it struck a lamp pole and went over the guide rail into the Hudson River. Sullivan, who allegedly was intoxicated at the time of his death, had patronized Mulinos Restaurant and Trotters Tavern prior to the accident. The plaintiff, Cathy Sullivan, Sullivan's widow, on behalf of herself, their children, and Sullivan's estate, commenced this action against, among others, the owners and/or operators of Mulinos Restaurant and the owners and/or operators of Trotters Tavern, seeking to recover damages for common-law negligence and for violations of Alcoholic Beverage Control Law § 65 and General Obligations Law § 11-101, commonly known as the Dram Shop Act. The plaintiff alleges actual damages, loss of support, loss of services, and loss of consortium, and sought exemplary damages.

The defendants Self Service, Inc., Trotters Tavern, and Anthony Goncalves (hereinafter collectively the Trotters defendants), moved for summary judgment dismissing so much of the complaint as sought to recover damages for alleged violations of General Obligations Law § 11-101 insofar as asserted against them. The defendants Mulinos of Westchester, Inc., Louis Gigante, Sr., Louis Gigante, Jr., Jimmy Cavagna, Louis Pipolo, and Ha Rugova (hereinafter collectively the Mulinos defendants), separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted those branches of the Mulinos defendants' motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against them. However, the Supreme Court denied the remaining branches of their motion and also denied the Trotters defendants' motion, finding that triable issues of fact were raised as to whether either set of movants "served alcoholic beverages to an intoxicated person." We modify.

In order to establish liability for violation of the Dram Shop Act, the plaintiff is required to prove that the defendants sold alcohol to Sullivan while he was "visibly intoxicated" (see Alco-

holic Beverage Control Law § 65 [2]; General Obligations Law § 11-101; *Adamy v Ziriakus*, 92 NY2d 396 [1998]). In support of their motion, the Trotters defendants offered deposition testimony which, if unrebutted, was sufficient to establish that Sullivan was not served alcohol at Trotters while visibly intoxicated. In opposition, however, the plaintiff raised triable issues of fact. Contrary to the Trotters defendants' contentions, the affirmation of the Rockland County Medical Examiner, which we find admissible under the circumstances of this case (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014 [2008]), was sufficient to raise a triable issue of fact as to whether Sullivan indeed was served alcohol at Trotters Tavern. In addition, although proof of a high blood alcohol content does not, without more, provide a sound basis for drawing inferences about a person's appearance or demeanor (*see Romano v Stanley*, 90 NY2d 444 [1997]), here, the Medical Examiner's opinion that Sullivan was visibly intoxicated while served alcohol was supported by deposition testimony. Specifically, the person whom Sullivan met at Mulinos Restaurant and later accompanied to Trotters Tavern testified at his deposition, inter alia, that just five minutes before arriving at Trotters Tavern, Sullivan's speech was heavily slurred, he was argumentative, he stumbled backwards attempting to navigate stairs, and his ability to walk a straight line was significantly impaired (*see Adamy v Ziriakus*, 92 NY2d 396 [1998]; *LaCatena v M.C. & E.D. Beck, Inc.*, 35 AD3d 388 [2006]).

With regard to that branch of the Mulinos defendants' motion which was for summary judgment dismissing the causes of action predicated upon the alleged violation of the Dram Shop Act, the evidence submitted by the plaintiff in opposition to the establishment, prima facie, of the Mulinos defendants' entitlement to judgment as a matter of law, was sufficient to raise a triable issue of fact as to whether "some reasonable or practical connection" existed between the sale of alcohol at Mulinos Restaurant and the resulting damages (*McArdle v 123 Jackpot, Inc.*, 51 AD3d 743, 746 [2008] [internal quotation marks omitted]; *Catania v 124 In-To-Go, Corp.*, 287 AD2d 476, 477 [2001]; *Adamy v Ziriakus*, 231 AD2d 80, 88 [1997], *affd* 92 NY2d 396; *Church v Burdick*, 227 AD2d 817, 818 [1996]; *Johnson v Plotkin*, 172 AD2d 88, 92 [1991]).

The plaintiff correctly concedes that Alcoholic Beverage Control Law § 65 does not create an independent statutory cause of action (*see Carr v Kaifler*, 195 AD2d 584, 585 [1993]). The plaintiff also correctly concedes that General Obligations Law § 11-101 does not permit the recovery of damages for loss

of services and loss of consortium (*see Valicenti v Valenze*, 68 NY2d 826, 829 [1986]; *Dunphy v J & I Sports Enters.*, 297 AD2d 23 [2002]; *Bongiorno v D.I.G.I., Inc.*, 138 AD2d 120 [1988]), and that there can be no recovery by Sullivan's estate based on the alleged unlawful sale of alcoholic beverages (*see Sheehy v Big Flats Community Day*, 73 NY2d 629 [1989]; *O'Gara v Alacci*, 67 AD3d 54 [2009]). Accordingly, to the extent that the plaintiff seeks to recover damages for alleged violation of Alcoholic Beverage Control Law § 65 and, pursuant to General Obligations Law § 11-101, for loss of services, loss of consortium, and on behalf of Sullivan's estate, the Supreme Court should have awarded summary judgment dismissing those portions of the complaint insofar as asserted against the Mulinos defendants. Similarly, the Supreme Court should have granted that branch of the Trotters defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages pursuant to General Obligations Law § 11-101 for loss of services, loss of consortium, and on behalf of Sullivan's estate. Inasmuch as the claims asserted against the Trotters defendants are identical to those asserted against the Mulinos defendants, upon searching the record, we award summary judgment dismissing so much of the complaint as sought to recover damages for alleged violations of Alcoholic Beverage Control Law § 65 insofar as asserted against them (*see* CPLR 3212 [b]). The remaining claims for damages, however, are compensable (*see Dunphy v J & I Sports Enters.*, 297 AD2d at 25).

The Mulinos defendants' remaining contention is not properly before this Court. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.