■ GREGORY DUGAN, Respondent, v BRIAN OLSON et al., Defendants, and MINNESOTA's GRILL & BAR, Appellant. [906 NYS2d 277]—

In an action to recover damages for personal injuries, the defendant Minnesota's Grill & Bar appeals, as limited by its brief,

from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered September 8, 2009, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101 (1) insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Minnesota's Grill & Bar which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101 (1) insofar as asserted against it is granted.

The plaintiff allegedly was injured as a result of an altercation with the defendant Brian Olson at approximately 1:45 A.M. on July 5, 2004. Olson testified during related criminal proceedings that, on July 4, 2004, he had dinner with his sister and a friend at an establishment known as the Tiki Bar, where he drank two bottles of beer. He testified further that he smoked marijuana later in the evening, and then, between the hours of 11 P.M. and 1:45 A.M., he consumed four or five bottles of beer at the defendant bar, Minnesota's Grill & Bar (hereinafter MG&B). Olson, his sister, Emily Sloan, and his friend, Alex Tulin, each testified at Olson's criminal trial that he was not intoxicated when he left MG&B. According to the deposition testimony of several witnesses, as Olson, Tulin, and Sloan were walking away from MG&B, they encountered the plaintiff on the street two blocks away, and a verbal altercation escalated, after which Olson picked up a glass bottle and struck the plaintiff over the head with it, causing injuries.

The plaintiff commenced this action against, among others, MG&B, asserting, inter alia, a cause of action alleging a violation of the Dram Shop Act (General Obligations Law § 11-101) (hereinafter the Dram Shop Act cause of action). MG&B moved, among other things, for summary judgment dismissing that cause of action. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the Dram Shop Act cause of action insofar as asserted against MG&B, concluding that MG&B had failed to establish, prima facie, that Olson was not visibly intoxicated when served alcohol at MG&B. MG&B appeals.

To establish a cause of action under New York's Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the resulting damages (*see Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d 1018 [2010]; *McArdle v 123 Jackpot, Inc.*, 51

AD3d 743, 746 [2008]; *McNeill v Rugby Joe's*, 298 AD2d 369, 370 [2002]; *Adamy v Ziriakus*, 231 AD2d 80, 88 [1997], *affd* 92 NY2d 396 [1998]). Consequently, in order to establish its entitlement to judgment as a matter of law dismissing the Dram Shop Act cause of action, MG&B was required to establish either that it did not serve alcohol to Olson while he was visibly intoxicated or that its sale of alcohol to him had no reasonable or practical connection to the assault. MG&B met its burden in this regard by submitting the testimony of Sloan and Tulin, both of whom stated that Olson was not intoxicated when he left MG&B. That testimony established, prima facie, that there was no causal connection between MG&B's service of alcohol to Olson and Olson's infliction of injury upon the plaintiff (*see Kaufman v Quickway, Inc.*, 14 NY3d 907, 908-909 [2010]; *Kelly v Fleet Bank*, 271 AD2d 654, 655 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of MG&B's motion which was for summary judgment dismissing the Dram Shop Act cause of action insofar as asserted against it. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.