■ THERESA POPPKE, Respondent, v PORTUGESE AMERICAN CLUB OF MINEOLA et al., Appellants, et al., Defendant. [924 NYS2d 834]—

In an action to recover damages for personal injuries, the defendant Portugese American Club of Mineola appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated July 27, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Mineola Portuguese Center, Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

In order to establish entitlement to recovery pursuant to a cause of action under General Obligations Law § 11-101 (1), a plaintiff is required to prove, inter alia, that the defendant sold alcohol to a person who was visibly intoxicated (*see Adamy v Ziriakus*, 92 NY2d 396, 400 [1998]; *Romano v Stanley*, 90 NY2d 444, 447 [1997]; *Kelly v Fleet Bank*, 271 AD2d 654, 655 [2000]). Proof of visible intoxication can be established by circumstantial evidence, including expert and eyewitness testimony (*see Kish v Farley*, 24 AD3d 1198, 1200 [2005]; *Kelly v Fleet Bank*, 271 AD2d at 655; *Roy v Volonino*, 262 AD2d 546, 547 [1999]).

Contrary to their contentions, the defendants Portugese American Club of Mineola (hereinafter the Club) and the Mineola Portuguese Center, Inc. (hereinafter the Center), failed to meet their respective burdens of demonstrating, prima facie, that the driver of the vehicle which struck the plaintiff was not visibly intoxicated when sold alcohol (*see Aughenbaugh v Napper Tandy's of Northport*, 78 AD3d 745, 746 [2010]; *McGovern v 4299 Katonah*, 5 AD3d 239, 240 [2004]; *Smith v Blue Mtn. Inn*, 255 AD2d 920 [1998]). The Center's remaining contention is without merit. Consequently, the Supreme Court properly denied the respective branches of the motion and cross motion of the Club and the Center which were for summary judgment

dismissing the complaint insofar as asserted against each of them, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.