■ DEBRA CONKLIN, Appellant, v ANN TRAVERS et al., Defendants, and LEGENDS HARBORSIDE, LTD., Doing Business as LEGENDS RESTAURANT, et al., Respondents. [10 NYS3d 609]—

In an action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 6, 2013, as granted that branch of the motion of the defendants Legends Harborside, Ltd., doing business as Legends Restaurant, and Legends Restaurant which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101 insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Legends Harborside, Ltd., doing business as Legends Restaurant, and Legends Restaurant which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101 insofar as asserted against them is denied.

On the night of August 15, 2008, the plaintiff's decedent, Melissa Miller, while walking along a road in Cutchogue, sustained fatal injuries when she was struck by a vehicle operated by the defendant Ann Travers. The plaintiff, Miller's mother and the administrator of her estate, commenced this action against, among others, the defendants Legends Harborside, Ltd., doing business as Legends Restaurant, and Legends Restaurant (hereinafter together Legends), a restaurant and bar which Travers had visited on the evening of the accident. The complaint alleged, inter alia, that Legends violated General Obligations Law § 11-101, commonly known as the Dram Shop Act, by continuing to serve Travers after she became visibly intoxicated. Legends moved, in pertinent part, for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101 insofar as asserted against it.

In order to establish liability for a violation of General Obligations Law § 11-101, "a plaintiff is required to prove, inter alia, that the defendant sold alcohol to a person who was visibly intoxicated" (*Poppke v Portugese Am. Club of Mineola*, 85 AD3d 751, 751 [2011]; *see* Alcoholic Beverage Control Law § 65 [2]; General Obligations Law § 11-101; *Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d 1018, 1019 [2010]). "Proof of visible intoxication can be established by circumstantial evidence, including expert and eyewitness testimony" (*Poppke v Portugese Am. Club of Mineola*, 85 AD3d at 751; *see Adamy v Ziriakus*, 92 NY2d 396, 401 [1998]; *Romano v Stanley*, 90 NY2d 444, 450 [1997]).

In support of its motion for summary judgment, Legends submitted the transcript of the deposition testimony of several witnesses, who testified that Travers did not exhibit signs of intoxication at the restaurant before the accident. However, it also submitted the transcript of the deposition testimony of the police sergeant who arrested Travers after the accident. The sergeant testified at his deposition that Travers had alcohol on her breath, slurred her speech, had bloodshot eyes, and was unsteady on her feet. Moreover, although Travers testified that she drank half a glass of wine at a friend's house after leaving Legends, the friend denied that Travers consumed any alcohol at her place.

Viewing the facts in the light most favorable to the plaintiff, as the nonmoving party (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]; *Valentin v Parisio*, 119 AD3d 854, 855 [2014]), we conclude that Legends' submissions revealed the existence of a triable issue of fact as to whether Travers was visibly intoxicated when she was served alcoholic beverages by Legends' employees (*see Morris v Bianna, Inc.*, 69 AD3d 910, 911 [2010]; *Fiegl v 1695 Ridge Rd. Webster Inn Rest.*, 162 AD2d 1024, 1025 [1990]; *Wasserman v Godoy*, 136 AD2d 631, 632 [1988]; *see also Adamy v Ziriakus*, 92 NY2d at 402-403; *cf. Meizinger v Akin*, 192 AD2d 1011, 1013-1014 [1993]).

Since Legends failed to meet its prima facie burden, the Supreme Court should have denied that branch of Legends' motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101, without regard to the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Collado v Jiacono*, 126 AD3d 927 [2015]). Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.