■ 30 CLINTON PLACE OWNERS, INC., Respondent, v MANJIT SINGH, Doing Business as MSS CONSTRUCTION COMPANY, et al., Appellants. [13 NYS3d 910]—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Adler, J.), dated August 6, 2014, which denied their motion pursuant to CPLR 2221 (e) for leave to renew their prior motion, inter alia, to vacate their default in answering the complaint.

Ordered that the order is affirmed, with costs.

"A motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*Kletnieks v Hertz*, 54 AD3d 660, 661-662 [2008]; *see* CPLR 2221 [e]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907 [2007]). Here, the defendants' motion for leave to renew, which was made two years after their original motion to vacate their default, was not based upon new facts and, in any event, failed to set forth a reasonable justification for the failure to submit the purportedly new facts on the prior motion (*see* CPLR 2221 [e]; *Zito v Jastremski*, 84 AD3d 1069 [2011]; *Swedish v Beizer*, 51 AD3d 1008 [2008]; *Renna v Gullo*, 19 AD3d 472 [2005]). Nor is there any merit to the defendants' contention that the motion for leave to renew should have been granted "in the interest of substantial justice" (*see Red Zone LLC v Cadwalader, Wickersham & Taft LLP*, 118 AD3d 581, 582 [2014], *lv granted* 24 NY3d 910 [2014]). The defendants' remaining contentions either need not be reached in light of our determination, are without merit, or are based on matter dehors the record.

Accordingly, the Supreme Court properly denied the defendants' motion for leave to renew. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.