■ ANTHONY PINILLA, as Administrator of the Estate of YVETTE M. VILLALBA, Deceased, Respondent-Appellant, v CITY OF NEW YORK, Respondent, and PUBLIC ADMINISTRATOR, as Temporary Administrator of the Estate of MARTIN CADENA, Deceased, et al., Appellants, et al., Defendants. [24 NYS3d 710]—

In an action to recover damages for personal injuries and wrongful death, (1) the defendant Murtosa & Veiros, Inc., doing business as Sangria Tapas Bar & Restaurant, appeals, as limited by its brief, from so much of an order of the Supreme

Court, Queens County (Flug, J.), entered March 22, 2013, as denied that branch of its motion which was for summary judgment dismissing the cause of action asserted against it pursuant to General Obligations Law § 11-101 and granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing its cross claims insofar as asserted against the defendant City of New York, (2) the defendant Public Administrator, as temporary administrator of the estate of Martin Cadena, separately appeals, as limited by her brief, from so much of the order as granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (3) the plaintiff cross-appeals, as limited by his brief, from so much of the order as granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal by the Public Administrator, as temporary administrator of the estate of Martin Cadena, from so much of the order as granted those branches of the motion of the defendant City of New York which were for summary judgment dismissing the complaint and the cross claims of the defendant Murtosa & Veiros, Inc., doing business as Sangria Tapas Bar & Restaurant insofar as asserted against it is dismissed, as the Public Administrator, as temporary administrator of the estate of Martin Cadena, is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 147 [2010]); and it is further,

Ordered that the cross appeal by the plaintiff from so much of the order as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing all cross claims insofar as asserted is against it is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d at 147); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the defendant Public Administrator, as temporary administrator of the estate of Martin Cadena, payable by the defendant City of New York.

The plaintiff, Anthony Pinilla, as administrator of the estate of Yvette M. Villalba, commenced this action after Villalba was killed when the vehicle in which she was a passenger collided with a disabled Mack dump truck at about 2:30 a.m. on April 16, 2009, on the Van Wyck Expressway in Queens. The vehicle, owned and operated by Villalba's husband, Martin Cadena, struck the rear of the dump truck, which was owned by the defendant City of New York and operated by an employee of the New York City Department of Transportation. Prior to impact, the dump truck was either stopped or coming to a stop in the northbound left lane of the Van Wyck Expressway. According to the City's truck driver, he experienced an emergency when his left rear tire suddenly blew out as he was driving in the northbound middle lane of the highway, causing the truck to pull to the left. The truck then veered into the left lane of the highway, when Cadena's vehicle, which was traveling in the northbound left lane, struck the rear of the truck. Cadena also died as a result of the accident. His blood alcohol content was measured at .26%.

The plaintiff commenced this action against, among others, the City and the defendant Murtosa & Veiros, Inc., doing business as Sangria Tapas Bar & Restaurant (hereinafter Sangria). Prior to the accident, Cadena and Villalba had spent several hours at Sangria. The complaint alleged, among other things, that the City's truck driver was negligent in bringing the truck to a stop in the left lane of the highway and in failing to warn other motorists of his disabled vehicle. The complaint also alleged that Sangria violated General Obligations Law § 11-101 (hereinafter the Dram Shop Act), by continuing to serve alcohol to Cadena after he became visibly intoxicated. As is relevant to this appeal, the City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it; Sangria separately moved, in pertinent part, for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act insofar as asserted against it. In an order entered March 22, 2013, the Supreme Court, inter alia, denied that branch of Sangria's motion which was for summary judgment dismissing the cause of action asserted against it under the Dram Shop Act and granted the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

To establish a cause of action under the Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the

resulting damages (*see* General Obligations Law § 11-101 [1]; Alcoholic Beverage Control Law § 65 [2]; *Kaufman v Quickway, Inc.*, 14 NY3d 907, 909 [2010]; *Dugan v Olson*, 74 AD3d 1131, 1133 [2010]). Viewing the facts in the light most favorable to the plaintiff, as the nonmoving party (*see Vega v Restani Constr. Corp.*, 18 NY3d 499 [2012]; *Valentin v Parisio*, 119 AD3d 854 [2014]), we conclude that, with regard to Sangria's motion for summary judgment dismissing the Dram Shop Act cause of action, the evidence submitted by the plaintiff in opposition to the prima facie establishment of Sangria's entitlement to judgment as a matter of law was sufficient to raise triable issues of fact as to whether Cadena was served alcohol while visibly intoxicated and " 'some reasonable or practical connection' existed between the sale of alcohol at [Sangria] and the resulting damages" (*Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d 1018, 1019-1020 [2010], quoting *McArdle v 123 Jackpot, Inc.*, 51 AD3d 743, 746 [2008]; *see Adamy v Ziriakus*, 231 AD2d 80, 88 [1997], *affd* 92 NY2d 396 [1998]; *see e.g. Conklin v Travers*, 129 AD3d 765, 766 [2015]).

Accordingly, the Supreme Court properly denied that branch of Sangria's motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101 (*see Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d at 1019-1020; *Chatelain v Diamond Jim's Steakhouse*, 295 AD2d 552 [2002]).

However, the Supreme Court erred in granting the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The City made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that its truck was lawfully stopped on the highway due to an emergency (*see* Vehicle and Traffic Law § 1202 [a] [1] [j]) when it was struck in the rear by the Cadena vehicle. However, in opposition, viewing the evidence in the light most favorable to the plaintiff, affording him the benefit of every favorable inference (*see Sampino v Crescent Assoc., LLC*, 34 AD3d 779, 781 [2006]), and applying the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]) to hold him to a lesser standard of proof, the plaintiff raised a triable issue of fact as to whether the truck driver exercised reasonable care in warning other drivers of the hazard posed by his disabled vehicle. Generally, when one causes a public road to become obstructed, there is a duty to "exercise[ ] the care that a reasonably prudent person should have under all the circumstances" (*Axelrod v Krupinski*, 302 NY 367, 370 [1951]; *see Jones v G & I Homes, Inc.*, 86 AD3d

786, 788 [2011]; *Le Bel v Airlines Limousine Serv.*, 92 AD2d 996, 997 [1983]; *Gonyo v Hewson*, 3 AD2d 949, 950 [1957]). The exercise of reasonable care under the circumstances may include warning other motorists of the hazards posed by the obstruction (*see Axelrod v Krupinski*, 302 NY at 370; *Marsicano v Fabrizio*, 61 AD3d 941, 941 [2009]; *Gregson v Terry*, 35 AD3d 358, 361 [2006]). Typically, whether reasonable care was exercised is a question of fact (*see Axelrod v Krupinski*, 302 NY at 370).

The City's truck driver testified at a deposition that the truck's headlights were on, that after the blowout of the tire he activated the truck's emergency lights, and that the accident occurred within seconds of veering into the left lane while he was still moving 10 to 15 miles per hour. However, the sole eyewitness to the accident, Weiguo Qu, indicated that he saw the truck "parked" in the left lane of a highway with its lights off and no flashing lights. In light of this conflicting evidence, triable issues of fact exist regarding, among other things, whether the City's truck driver failed to exercise reasonable care to warn other motorists of the obstruction and, if so, whether such failure was a proximate cause of the accident (*see Marsicano v Fabrizio*, 61 AD3d at 941-942; *Gregson v Terry*, 35 AD3d at 361; *see also Le Bel v Airlines Limousine Serv.*, 92 AD2d at 997; *Gonyo v Hewson*, 3 AD2d at 950).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have denied the City's motion for summary judgment dismissing the complaint and all cross claims asserted against it. Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.