■ NEIDA BATERNA, Respondent, v MAIMONIDES MEDICAL CENTER, Appellant. [31 NYS3d 544]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schack, J.), dated June 8, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting a transcript of the plaintiff's deposition testimony, which demonstrated that the plaintiff was unable to identify the cause of her fall (*see Maglione v Seabreeze By Water, Inc.*, 116 AD3d 929, 930 [2014]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *Thompson v Commack Multiplex Cinemas*, 83 AD3d 929 [2011]). Further, the defendant submitted evidence that no dangerous conditions were observed at the location where the plaintiff fell prior to the accident.

In opposition, the plaintiff failed to raise a triable issue of fact. Initially, we agree with the plaintiff that the Supreme Court providently considered the expert affidavits she submitted in opposition to the motion (*see Rivers v Birnbaum*, 102 AD3d 26, 31 [2012]). Moreover, we find that the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) is applicable here to impose a lighter burden of persuasion on the plaintiff, as the plaintiff established that she suffered from amnesia from the accident and, as a result, the parties are not on equal footing with respect to knowledge of the facts surrounding the accident (*see Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 333 [1986]). Nevertheless, the *Noseworthy* doctrine did not relieve the plaintiff of her obligation to provide some proof from which negligence can reasonably be inferred (*see Santiago v Quattrociocchi*, 91 AD3d 747, 748 [2012]).

The plaintiff failed to meet her burden. The plaintiff's expert architect opined that the stairs and handrails where the plaintiff fell violated various building code provisions and were negligently designed. However, the plaintiff's expert failed to raise a triable issue of fact as to whether the cited building code provisions applied to the subject stairs and handrails, as the expert failed to establish that the cited building code provisions were in effect when the subject stairs and handrails were constructed. Moreover, the expert failed to raise a triable issue of fact as whether the alleged building code violations or negligent design were a proximate cause of the plaintiff's fall (*see Hyman v Queens County Bancorp, Inc.*, 3 NY3d 743 [2004]; *LaPera v Montana*, 124 AD3d 844, 845 [2015]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.