Sherwood v Otto Jazz, Inc. (2016 NY Slip Op 06205)





Sherwood v Otto Jazz, Inc.


2016 NY Slip Op 06205


Decided on September 28, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-11595
 (Index No. 31360/14)

[*1]Alysoun Sherwood, plaintiff-respondent,
v
Otto Jazz, Inc., doing business as Fireside Steak Pub, appellant, et al., defendant-respondent.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas Hurzeler and C. Briggs Johnson of counsel), for appellant.
Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, the defendant Otto Jazz, Inc., doing business as Fireside Steak Pub, appeals from an order of the Supreme Court, Rockland County (Loehr, J.), dated November 19, 2015, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On February 22, 2013, the plaintiff allegedly was injured when the vehicle she was operating was struck by a vehicle owned and operated by the defendant Michael Coyle, when Coyle's vehicle crossed over a double yellow line. Prior to the accident, Coyle had been a patron at a bar owned and operated by the defendant Otto Jazz, Inc., doing business as Fireside Steak Pub (hereinafter Fireside).
The plaintiff commenced this action against Coyle and Fireside to recover damages for her injuries. With respect to Fireside, the plaintiff asserted a cause of action alleging a violation of the Dram Shop Act (General Obligations Law § 11-101[1]). Fireside moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and Fireside appeals.
As the movant, Fireside had the burden of demonstrating, prima facie, either that it did not sell alcohol to Coyle when he was visibly intoxicated or that its sale of alcohol to him had no reasonable or practical connection to the plaintiff's alleged injuries (see Lauinger v Surf's Out at Kismet, LLC, 134 AD3d 681, 682; Dugan v Olson, 74 AD3d 1131, 1133). Fireside met its initial burden of establishing its prima facie entitlement to judgment as a matter of law through the submission of the deposition testimony of its bartender, who stated that Coyle was not visibly intoxicated when he served Coyle two beers (see Morris v Bianna, Inc., 69 AD3d 910, 911; Roy v [*2]Volonino, 262 AD2d 546, 547).
In opposition, the plaintiff raised a triable issue of fact as to whether Fireside's bartender served alcoholic beverages to Coyle while he was visibly intoxicated (see Pinilla v City of New York, 136 AD3d 774, 777). "Proof of visible intoxication can be established by circumstantial evidence" (Poppke v Portugese Am. Club of Mineola, 85 AD3d 751, 751; see Adamy v Ziriakus, 92 NY2d 396, 401; Romano v Stanley, 90 NY2d 444, 450). The plaintiff submitted the transcript of Coyle's plea in a related criminal action in which he pleaded guilty to aggravated vehicular assault and aggravated driving while intoxicated. At the plea proceeding, Coyle admitted that he drank at least 13 beers and 7 shots of Jack Daniels while at Fireside prior to the happening of the accident, and that his blood alcohol content after the accident was .18%. The plaintiff also submitted a verified statement from the officer who arrested Coyle after the accident. That officer stated that Coyle exhibited signs of intoxication, including glassy eyes and impaired speech and motor coordination.
Contrary to Fireside's contention, the transcript of Coyle's testimony at the plea proceeding was properly considered by the Supreme Court in opposition to Fireside's motion since the transcript was a sworn statement by a party akin to an affidavit. Fireside's contention that, pursuant to CPLR 4517, the transcript should not have been considered in opposition to its motion is without merit (see e.g. Phillips v Kantor & Co., 31 NY2d 307; Johnson v Pollack, 261 AD2d 585, 586; Friedman v Sills, 112 AD2d 343, 344; cf. Diaz v Tumbiolo, 111 AD3d 877, 879). Coyle's statements at his plea proceeding concerning the amount of alcohol he consumed at Fireside and his acknowledgment that his blood alcohol content was .18% after the accident, coupled with the verified statement of the arresting officer detailing Coyle's appearance after the accident, raised a triable issue of fact as to whether Coyle was visibly intoxicated when he was being served at Fireside (see Adamy v Ziriakus, 92 NY2d at 402; Romano v Stanley, 90 NY2d at 450; Poppke v Portugese Am. Club of Mineola, 85 AD3d at 751).
Fireside's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied Fireside's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
HALL, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court