■ ALEXANDRA TRIGOSO, Appellant, v NELSON CORREA et al., Defendants, and M.G.M.T. RESTAURANT CORP., Doing Business as DANU, Respondent. [55 NYS3d 130]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated January 5, 2015, which granted the motion of the defendant M.G.M.T. Restaurant Corp., doing business as Danu, in effect, for leave to renew that branch of

its prior motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101, which had been denied in an order of the same court dated March 31, 2014, and upon renewal, in effect, vacated the prior determination in the order dated March 31, 2014, and thereupon granted that branch of the motion.

Ordered that the order dated January 5, 2015, is modified, on the law, by deleting the provision thereof upon renewal, in effect, vacating the determination in the order dated March 31, 2014, denying that branch of the prior motion of the defendant M.G.M.T. Restaurant Corp., doing business as Danu, which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101, and thereupon granting that branch of the motion, and substituting therefor a provision, upon renewal, adhering to the determination in the order dated March 31, 2014, denying that branch of the motion; as so modified, the order dated January 5, 2015, is affirmed, without costs or disbursements.

On May 6, 2010, at approximately 1:30 a.m., the plaintiff was a passenger in a vehicle operated by the defendant Nelson Correa (hereinafter the driver) when the vehicle overturned and the plaintiff was seriously injured. Approximately 30 minutes to an hour prior to the accident, the driver had been a patron at a bar owned by the defendant M.G.M.T. Restaurant Corp., doing business as Danu (hereinafter Danu). The plaintiff commenced this action alleging, among other things, that Danu violated General Obligations Law § 11-101, commonly known as the Dram Shop Act, by serving alcoholic beverages to the driver while he was visibly intoxicated.

Danu moved for summary judgment dismissing the complaint insofar as asserted against it, attaching, inter alia, the unsigned deposition transcripts of nonparty witnesses Ennio Alvarenga and Rigoberto Bermudez, who spent several hours with the driver immediately prior to the accident and testified that he was not visibly intoxicated during that time. The Supreme Court declined to consider these deposition transcripts because they were unsigned, and denied that branch of Danu's motion which was for summary judgment dismissing the Dram Shop Act cause of action. Thereafter, Danu moved, in effect, for leave to renew that branch of its motion, attaching signed copies of the deposition transcripts of Alvarenga and Bermudez.

The Supreme Court granted renewal, finding that Danu's submission of the signed transcripts corrected an inadvertent procedural error. Upon renewal, the court, in effect, vacated the prior determination denying that branch of Danu's motion

which was for summary judgment dismissing the Dram Shop Act cause of action, and thereupon granted that branch of the motion. The plaintiff appeals.

Pursuant to CPLR 2221 (e), "a motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907, 908 [2007]; *see 30 Clinton Place Owners, Inc. v Singh*, 131 AD3d 467, 467 [2015]). "CPLR 2221 (e) has not been construed so narrowly as to disqualify, as new facts not offered on the prior motion, facts contained in a document originally rejected for consideration because the document was not in admissible form" (*Schwelnus v Urological Assoc. of L.I., P.C.*, 94 AD3d 971, 972 [2012]). Here, Danu's failure to provide signed copies of the deposition transcripts with the original summary judgment motion was tantamount to law office failure, which constituted a reasonable justification (*see Defina v Daniel*, 140 AD3d 825, 826 [2016]; *Castor v Cuevas*, 137 AD3d 734, 734 [2016]; *Hackney v Monge*, 103 AD3d 844, 845 [2013]). Thus, the Supreme Court properly granted that branch of Danu's motion which was for leave to renew.

Upon renewal, however, the Supreme Court should have adhered to the original determination denying that branch of Danu's motion which was for summary judgment dismissing the Dram Shop Act cause of action. "To establish a cause of action under the Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the resulting damages" (*Pinilla v City of New York*, 136 AD3d 774, 776-777 [2016]; *see* General Obligations Law § 11-101 [1]; *Romano v Stanley*, 90 NY2d 444, 449 [1997]; *Dugan v Olson*, 74 AD3d 1131, 1132 [2010]; *see also Boudine v Goldmaker, Inc.*, 130 AD3d 553 [2015]). Consequently, in order to establish its prima facie entitlement to judgment as a matter of law dismissing the Dram Shop Act cause of action, Danu was required to establish either that it did not serve alcohol to the driver while he was visibly intoxicated or that its sale of alcohol to him had no reasonable or practical connection to the accident (*see Dugan v Olson*, 74 AD3d at 1133).

Here, the Supreme Court correctly determined that Danu met its prima facie burden by demonstrating that the driver was not visibly intoxicated while he was a patron at Danu. Although Danu did not provide a statement from any of its

bartenders (*cf. Adamy v Ziriakus*, 92 NY2d 396, 402-403 [1998]), Danu's owner testified at his deposition that he saw the driver at Danu before the subject accident, and the driver did not appear intoxicated. Bermudez, one of the driver's friends, testified at his deposition that the driver did not drink any alcoholic beverages before arriving at the bar and did not appear intoxicated while he was at the bar (*see Conklin v Travers*, 129 AD3d 765, 766 [2015]). Alvarenga, another friend of the driver, also testified that the driver did not drink any alcoholic beverages before arriving at the bar and that, when leaving the bar, the driver "looked normal," did not stagger, and spoke coherently.

However, in opposition to Danu's prima facie showing, the plaintiff raised a triable issue of fact as to whether Danu's bartenders, who were not presented for deposition, served alcohol to the driver while he was visibly intoxicated. Proof of a high blood alcohol content does not, in and of itself, "provide a sound basis for drawing inferences about a person's appearance or demeanor" (*Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d 1018, 1020 [2010]; *see Romano v Stanley*, 90 NY2d at 450). Nonetheless, "[p]roof of visible intoxication can be established by circumstantial evidence, including expert and eyewitness testimony" (*Poppke v Portugese Am. Club of Mineola*, 85 AD3d 751, 751 [2011]; *see Romano v Stanley*, 90 NY2d at 450; *Conklin v Travers*, 129 AD3d at 766).

The plaintiff submitted a transcript of the driver's plea of guilty to aggravated driving while intoxicated and related crimes, which established that the driver recalled drinking "a few" mixed drinks prior to the accident and that his blood alcohol content was over .18%. The plaintiff also relies on a police report indicating that, after the accident, the driver was "observed to be intoxicated and placed under arrest." Although Danu now argues that the police report is inadmissible, it submitted the report with its reply papers on the original motion. Thus, Danu waived any objection to its admissibility, and on appeal the plaintiff may rely upon the report in opposition to Danu's summary judgment motion (*see Cruz v Finney*, 148 AD3d 772 [2017]; *Pouncey v New York City Tr. Auth.*, 135 AD3d 728, 730 [2016]; *cf. Pech v Yael Taxi Corp.*, 303 AD2d 733, 733 [2003]).

Viewing the facts in the light most favorable to the plaintiff as the nonmoving party (*see Vega v Restani Constr. Corp.*, 18 NY3d 499 [2012]; *Pinilla v City of New York*, 136 AD3d at 777), the plaintiff raised a triable issue of fact as to whether the driver was visibly intoxicated while he was a patron of Danu

(*see Sherwood v Otto Jazz, Inc.*, 142 AD3d 1160, 1161 [2016]; *Pinilla v City of New York*, 136 AD3d at 777; *Conklin v Travers*, 129 AD3d at 766; *Wasserman v Godoy*, 136 AD2d 631, 632 [1988]; *cf. Adamy v Ziriakus*, 92 NY2d at 402-403; *Sullivan v Mulinos of Westchester, Inc*, 73 AD3d at 1020).

The remaining contentions of the driver and the defendant Romelia Correa are without merit.

Accordingly, the Supreme Court properly granted renewal but, upon renewal, the court should have adhered to its prior determination denying that branch of Danu's motion which was for summary judgment dismissing the Dram Shop Act cause of action. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.