Flynn v Bulldogs Run Corp. (2019 NY Slip Op 03028)





Flynn v Bulldogs Run Corp.


2019 NY Slip Op 03028


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-05055
 (Index No. 7273/08)

[*1]Karen Flynn, etc., appellant,
v
Bulldogs Run Corp., et al., defendants, NN & EM, Ltd., et al., respondents.


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Gabriel A. Arce-Yee of counsel), for appellant.
Brownell Partners, New York, NY (Richard J. Brownell and Thomas E. Lehman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated April 6, 2017. The order granted the motion of the defendants NN & EM, Ltd., and NN & EM, Ltd., doing business as Shippys Pumpernickels East, for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On March 8, 2005, at approximately 9:45 p.m., the plaintiff's decedent was found dead by the police in the vicinity of his vehicle in the parking lot of a golf course. The decedent, who appears to have slipped in the parking lot, died from hypothermia after losing consciousness in freezing temperatures. The decedent's blood alcohol content indicated that he was intoxicated at the time of his death. Earlier in the day, the decedent had been a patron of a restaurant and bar owned by the defendants NN & EM, Ltd., and NN & EM, Ltd., doing business as Shippys Pumpernickels East (hereinafter together the Shippys defendants). The decedent had been picked up from the restaurant by a taxicab at approximately 6:30 p.m. and had been dropped off at the entrance to the golf course's parking lot.
The plaintiff, the decedent's wife, individually and as mother and natural guardian of the decedent's infant children, commenced this wrongful death action against the Shippys defendants and others, alleging a violation of the Dram Shop Act (see General Obligations Law § 11-101[1]). In her bill of particulars responsive to the Shippys defendants demand, the plaintiff alleged that, inter alia, the Shippys defendants negligently, carelessly, and recklessly sold and served alcoholic beverages to the decedent while he was visibly intoxicated. The Shippys defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
"To establish a cause of action under the Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that [*2]alcohol bore some reasonable or practical connection to the resulting damages" (Pinilla v City of New York, 136 AD3d 774, 776-777; see General Obligations Law § 11-101[1]; Alcoholic Beverage Control Law § 65[2]; Romano v Stanley, 90 NY2d 444, 449; Trigoso v Correa, 150 AD3d 1041, 1043; Sherwood v Otto Jazz, Inc., 142 AD3d 1160, 1160). Consequently, for a defendant to establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action under the Dram Shop Act, it is required to establish either that it did not serve alcohol to the person while he or she was visibly intoxicated or that its sale of alcohol to him or her had no reasonable or practical connection to the resulting damages (see Trigoso v Correa, 150 AD3d at 1043).
Here, the Shippys defendants met their prima facie burden by demonstrating that they did not serve alcohol to the decedent while he was visibly intoxicated through the submission of affidavits and deposition testimony of the two bartenders who were working at the restaurant on March 8, 2005 (see id.; Sherwood v Otto Jazz, Inc., 142 AD3d at 1160). One of the bartenders, Donald McDonnell, testified at his deposition and stated in his affidavit that, on that day, the decedent was not visibly intoxicated when he served the decedent two 12-ounce bottles of beer with a steak, which the decedent consumed at the bar, at approximately noon or 12:30 p.m. McDonnell also stated, both during his deposition and in his affidavit, that the decedent left the restaurant approximately 40 minutes after McDonnell served him and that he did not see the decedent again at the restaurant before he was relieved at 5:00 p.m. by the next bartender, Thomas Fitzpatrick. Fitzpatrick testified at his deposition and stated in his affidavit that he declined to serve any alcoholic beverages to the decedent on March 8, 2005, when the decedent returned to the restaurant later that evening because the decedent appeared visibly intoxicated. Fitzpatrick also stated, both during his deposition and in his affidavit, that he called the decedent a taxicab upon the decedent's request, that the decedent left the restaurant 10 to 15 minutes later when the taxicab arrived, and that he observed through the restaurant's window the decedent get into the taxicab.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Shippys defendants' bartenders served alcoholic beverages to the decedent while he was visibly intoxicated (see Romano v Stanley, 90 NY2d at 451-452). "Proof of a high blood alcohol count alone . . . generally does not establish the visible' intoxication that Alcoholic Beverage Control Law § 65(2) requires" (Romano v Stanley, 90 NY2d at 450; see Trigoso v Correa, 150 AD3d at 1044). "[P]roof of visible intoxication can be established by circumstantial evidence, including expert and eyewitness testimony" (Trigoso v Correa, 150 AD3d at 1044 [internal quotation marks omitted]; see Adamy v Ziriakus, 92 NY2d 396, 401; Romano v Stanley, 90 NY2d at 450; Sherwood v Otto Jazz, Inc., 142 AD3d at 1161). While the plaintiff is entitled to a lighter burden of persuasion pursuant to Noseworthy v City of New York (298 NY 76, 80) since the "parties are not on equal footing with respect to knowledge of the facts surrounding the accident" (Baterna v Maimonides Med. Ctr., 139 AD3d 653, 653), the plaintiff is not absolved of producing some evidence that raises a triable issue of fact (see id.; Sanchez-Santiago v Call-A-Head Corp., 95 AD3d 1292, 1293).
The affirmation of the plaintiff's expert forensic pathologist was insufficient to defeat the Shippys defendants' motion. Clinical forensic pathologists, who specialize in performing autopsies, "are not ordinarily called upon to make judgments about the manifestations of intoxication in live individuals" (Romano v Stanley, 90 NY2d at 452). Here, the forensic pathologist's affirmation does not refer to his "personal knowledge acquired through his practice or to studies or to other literature that might have provided the technical support for the opinion he expressed" (id.). As a result, his opinions are "both speculative and conclusory" and insufficient to raise a triable issue of fact (id. at 451; see Martirosyan v Antreasyan, 153 AD3d 616, 616-617; Nasima v Dolen, 149 AD3d 759, 761).
Moreover, the statement of the decedent's friend that the decedent told him during a telephone conversation that he was at the restaurant at 4:00 p.m. and had been there since 2:00 p.m. was hearsay and, by itself, insufficient to raise a triable issue of fact (see Alpha Invs., LLC v McGoldrick, 151 AD3d 800, 802; see Cormack v Burns, 150 AD3d 1198, 1200; Ciliotta v Ranieri, 149 AD3d 1032, 1033).
Accordingly, we agree with the Supreme Court's determination to grant the Shippys [*3]defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court