Acquafredda Enters. LLC v Sterling Natl. Bank (2022 NY Slip Op 00937)





Acquafredda Enters. LLC v Sterling Natl. Bank


2022 NY Slip Op 00937


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 300162/16E Appeal No. 15276-15276A Case No. 2021-01788 2021-01789 

[*1]Acquafredda Enterprises LLC, Plaintiff-Appellant,
v
Sterling National Bank et al., Defendants, Avail 1, LLC, et al., Defendants-Respondents. 


Law Office of Michael Drezin, New York (Michael Drezin of counsel), for appellant.
The Margolin & Weinreb Law Group, LLP, Syosset (Seth D. Weinberg of counsel), for AVAIL 1, LLC, respondent.
Drake Loeb PLLC, New Windsor (Alana R. Bartley of counsel), for CL45 MW Loan 1, LLC, respondent.



Order, Supreme Court, Bronx County (RubÉn Franco, J.), entered September 18, 2020, which granted defendants Avail 1, LLC's and CL45 MW Loan 1 LLC's motions to dismiss the complaint as against them, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 25, 2021, which denied plaintiff's motion to renew, unanimously dismissed, without costs, as abandoned.
Defendants demonstrated that the breach of contract claims against them are barred by the six-year statute of limitations (CPLR 213[2], [4]). The claims accrued on December 11, 2009, the date on which the original lender, nonparty Hudson Valley Bank, purportedly wrongfully advanced the final loan payment to plaintiff's contractor in breach of its contract (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]; CPLR 203[a]). This action was not commenced until January 2016.
The documentary evidence submitted by defendants to establish the date of the breach, namely credit and debit slips and plaintiff's bank statements, was "unambiguous, authentic, and undeniable" (see Attias v Costiera, 120 AD3d 1281, 1282-1283 [2d Dept 2014]). As plaintiff itself relied on those documents in opposition to a motion for summary judgment in the foreclosure action on the construction loan, it waived any objection to their being used against it to establish the date of the breach (see Trigoso v Correa, 150 AD3d 1041, 1044 [2d Dept 2017]).
The complaint was correctly dismissed as against CL45 for the additional reason that CL45 was not a party to the construction loan.
We have considered plaintiff's remaining arguments and find them unavailing.
Plaintiff makes no argument on appeal as to the denial of his motion to renew for failure to submit new evidence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022