Paulino v Chaver-Jimenez (2025 NY Slip Op 03142)

Paulino v Chaver-Jimenez

2025 NY Slip Op 03142

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 21982/19|Appeal No. 4406|Case No. 2024-01412|

[*1]Jacqueline Paulino etc., Plaintiff-Appellant,
v
Juan Chaver-Jimenez et al., Defendants-Respondents, Vierzehn-NY, LLC, et al., Defendants.

Soto Law, PLLC, White Plains (Andrea C. Soto of counsel), for appellant.
Law Office of Proietto Peck & Elliott, Melville (Dana C. Barretta of counsel), for Juan Chaver-Jimenez, respondent.
Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for Herminio Torres and Autorama Enterprises, respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about August 25, 2023, which granted the motions of defendant Juan Chaver-Jimenez and defendants Herminio Torres and Autorama Enterprises (together, Autorama defendants) for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant Chaver-Jimenez's motion, and otherwise affirmed, without costs.
Preliminarily, we decline to dismiss the appeal. Plaintiff adequately complied with CPLR 5526 by including in the record on appeal all documents that were submitted to the motion court (see Strujan v State Farm Ins., 126 AD3d 482 [1st Dept 2015]). Those documents reference other documents, including the affidavit of Chaver-Jimenez, that were e-filed in connection with a prior motion and which were considered by the motion court (see Chapman v Tovar, 235 AD3d 552, 552 [1st Dept 2025]).
This action arises from an accident that occurred on the Cross Bronx Expressway after midnight. Chaver-Jimenez's minivan became disabled in the left lane. A tow truck owned by Autorama and operated by Torres stopped in front of the minivan to offer assistance. About five minutes after Torres arrived, plaintiff's decedent struck one or both of the stopped vehicles.
Chaver-Jimenez did not violate the statutory prohibition against stopping or parking on an expressway highway, because he was faced with an emergency when his vehicle became disabled (Vehicle and Traffic Law § 1202 [a][1][j]). Nonetheless, as the driver of a disabled vehicle, Chaver-Jimenez had a duty to exercise reasonable care under the circumstances, including by warning other motorists of the hazards posed by the obstruction (see Pinilla v City of New York, 136 AD3d 774, 777 [2d Dept 2016]). Chaver-Jimenez did not make a prima facie showing of absence of fault. Chaver-Jimenez did not state whether his automobile's lights or hazard lights were on, whether he used flares or cones, or whether he could have pulled his minivan over to the right side of the road, closer to the slower lanes of traffic (see Romero v Valdez, 198 AD3d 496, 496-497 [1st Dept 2021], lv dismissed 37 NY3d 1232 [2022]). For similar reasons, his motion to dismiss was premature (see CPLR 3212[f]). Plaintiff established a need to depose Chaver-Jiminez to query whether he had met his duty of care, a subject within his exclusive knowledge (see Sotelo v TRM Contr., LP, 212 AD3d 488, 488 [1st Dept 2023]).
Chaver-Jimenez maintains that there was no contact with his vehicle, it was not struck and therefore was not a proximate cause of the accident. This argument overlooks the fact that by obstructing the fastest lane on the expressway, his vehicle presented a hazard that could be a proximate cause of the accident (see Pinilla, 136 AD3d at 778). Moreover, issues of fact and credibility are raised by the police photographs, which show damage to the right rear corner and front right corner of his vehicle, and no lights in the rear. Defendant's [*2]reliance on Iqbal v Thai (83 AD3d 897, 898 [2d Dept 2011]) is thus misplaced. There, the sole proximate cause of the accident was the defendant driver, who fell asleep at the wheel, so that the vehicle that he struck, which was stopped on the shoulder of the expressway, "merely furnish[ed] the condition or occasion for the occurrence of the event." Here, credibility must be determined by the trier of fact.
In support of their motion, the Autorama defendants relied on Torres's affidavit wherein he averred that when he pulled the tow truck in front of the disabled vehicle, all the tow truck's lights, including the emergency beacon lights on the roof of its cab, were lit. This evidence showed that Torres had not violated a traffic regulation, was in the process of towing the disabled vehicle off the expressway and had taken prudent steps to warn other motorists of its presence. The Autorama defendants thereby established their prima facie entitlement to summary judgment (see McLean v Ripoli, 157 AD3d 604, 605 [1st Dept 2018]; Carr v Cali, 172 AD3d 1303, 1304 [2d Dept 2019]).
In opposition, plaintiff did not proffer any evidence, or point to any facts that might be developed in discovery, sufficient to raise a triable issue of fact as to the Autorama defendants' liability. Police photographs belie plaintiff's contention that the tow truck's lights were not illuminated. The police accident report, which describes the tow truck as being "authorized," contradicts plaintiff's assertion that the tow truck was unauthorized. Nor was the Autorama defendants' motion premature. The "mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (Flores v City of NY, 66 AD3d 599, 600 [1st Dept 2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025