■ JOHN D. RENZO, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant.—Order unanimously affirmed with costs. Memorandum: Special Term properly denied summary judgment. These claims are predicated upon a violation of the

Dram Shop Act (General Obligations Law § 11-101). The statute was enacted to compensate persons injured as a result of the illegal sale of alcoholic beverages *(Scheu v High-Forest Corp.,* 129 AD2d 366, 368; *Fox v Mercer,* 109 AD2d 59, 60; *Smith v Guli,* 106 AD2d 120, 123). It entitles a person injured as a result of an unlawful sale of liquor to recover damages caused "by reason of the intoxication" of the vendee (General Obligations Law § 11-101 [1]; *Bartkowiak v St. Adalbert's R. C. Church Socy.,* 40 AD2d 306, 310). Defendant notes that under the Vehicle and Traffic Law, evidence that a person had a blood alcohol content of .05% or less is "prima facie evidence" that such person's ability to operate a motor vehicle was not impaired and that such person was not intoxicated (Vehicle and Traffic Law § 1195 [2] [a]). Here, defendant submitted proof that the driver, who was a minor, had a blood alcohol content of only .01%. Applying the standard set forth in the Vehicle and Traffic Law, defendant argued that it had submitted prima facie proof that the driver was not "intoxicated" at the time of the accident and thus it was entitled to summary judgment. In opposition, plaintiff submitted the accident report prepared by the arresting officer which contained the police officer's observations made at the scene of the accident that led her to arrest the minor for driving while intoxicated. Although the Vehicle and Traffic Law prohibits driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), there is no statutory definition of intoxication *(see, People v Cruz,* 48 NY2d 419, 427). Intoxication is not an unfamiliar concept however, or a concept that requires an expert opinion. "A layman, including the defendant and those charged with administering the law, should be able to determine whether defendant's consumption of alcohol has rendered him incapable of operating a motor vehicle as he should." *(People v Cruz, supra,* at 428.) The observations and opinion of the arresting officer that the minor was intoxicated raised an issue of fact on the issue of intoxication which properly should be resolved by the trier of fact. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.