■ JOHN L. RENZO, Individually and as Administrator of the Estate of ELEANOR V. RENZO, Deceased, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant.—Order unanimously affirmed with costs. Same memorandum as in *Renzo v Tops Friendly Mkts.* (136 AD2d 952 [decided herewith].) (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.

■ JEFFREY RENZO, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant.—Order unanimously affirmed with costs. Same memorandum as in *Renzo v Tops Friendly Mkts.* (136 AD2d 952 [decided herewith].) (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.

■ MARK VAN VALKENBURGH, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant.—Order unanimously affirmed with costs. Same memorandum as in *Renzo v Tops Friendly Mkts.* (136 AD2d 952 [decided herewith].) (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.

■ HERALD COMPANY et al., Appellants, v JACK MURRAY, as Public Information Officer of Onondaga County, et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Petitioners, The Herald Company and Sara Gillen, a reporter, made a written request pursuant to the Freedom of Information Law (FOIL) to the respondent, County of Onondaga, for access to "records showing the identities and blood alcohol content of all people (pedestrians, drivers and passengers) involved in alcohol-related traffic fatalities in 1986". This request was denied on the ground that this information is found only in autopsy reports maintained by the Medical Examiner, disclosure of which is prohibited by section 677 (3) (b) of the County Law. Petitioners commenced this CPLR article 78 proceeding to compel respondent to provide access to the requested information. During the pendency of the proceeding before Special Term, petitioners discovered that the results of blood alcohol tests performed by the Medical Examiner are also found on MV-105 forms, which the Medical Examiner submits to the Commissioner of Motor Vehicles, as required by County Law § 677 (5). Petitioners argued that they were entitled to access to these forms.