■ NOREEN KELLY, Appellant, v FLEET BANK, Respondent, ROSMUC CORPORATION, Doing Business as O'MALLEY'S, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. RODA RESTAURANT CORP., Doing Business as JUNK YARD HARRY'S AND SECOND HAND RO'S SALOON, Third-Party Defendant-Respondent. [706 NYS2d 190] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated March 9, 1999, which granted the respective motions of the defendant Fleet Bank and the defendant third-party plaintiff-respondent Rosmuc Corporation, d/b/a O'Malley's, in which the third-party defendant, Roda Restaurant Corp., d/b/a Junk Yard Harry's and Second Hand Ro's Saloon, joined, for summary judgment dismissing the complaint insofar as asserted against them, and the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the appeal by the plaintiff from so much of the order as granted the motion of the third-party defendant is dismissed, as the plaintiff is not aggrieved by that portion of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs.

The plaintiff was seriously injured in a one-car accident on November 1, 1992, while she was a passenger in a vehicle driven by the defendant Dennis O'Sullivan. The plaintiff and O'Sullivan had attended a wedding together on the previous afternoon, after which they consumed alcohol at O'Malley's, a restaurant and bar, and then at Roda Restaurant Corp. d/b/a Junk Yard Harry's and Second Hand Ro's Saloon (hereinafter the Saloon). The car driven by O'Sullivan had been leased by Brian Riberdy from Goff Rental & Leasing of New Hampshire

(hereinafter Goff Leasing), which had given a security interest in the vehicle to Indian Head National Bank, which was later acquired by the defendant Fleet Bank (hereinafter Fleet).

Contrary to the plaintiff's contentions, the Supreme Court properly granted the motion of Fleet for summary judgment. While an owner of a vehicle is liable for its negligent use under Vehicle and Traffic Law § 388 (*see, Morris v Snappy Car Rental,* 84 NY2d 21), a party which has a security interest in any vehicle out of its possession, such as Fleet in this case, is not deemed to be an owner (*see,* Vehicle and Traffic Law § 388 [3]; *Isaacs v Tifiletti,* 237 AD2d 976). The mere fact that Fleet took actions consistent with its rights as a lienholder under article 9 of the Uniform Commercial Code when Goff Leasing defaulted on its obligations did not render Fleet an owner of the vehicle (*see, Marine Midland Bank v CMR Indus.,* 159 AD2d 94; *MTI Sys. Corp. v Hatziemanuel,* 151 AD2d 649). Accordingly, Fleet was not an owner of the vehicle so as to be liable for its negligent use.

Moreover, the Supreme Court also properly dismissed the plaintiff's Dram Shop Act (General Obligations Law § 11-101) cause of action against the defendant Rosmuc Corporation d/b/a O'Malley's (hereinafter Rosmuc). In order to sustain a finding of a violation of the Dram Shop Act the plaintiff was required to show that O'Sullivan was served alcohol while visibly intoxicated (*see,* Alcoholic Beverage Control Law § 65 [2]) Proof of visible intoxication can be shown by circumstantial evidence, including expert and eyewitness testimony (*see, Adamy v Ziriakus,* 92 NY2d 396; *Romano v Stanley,* 90 NY2d 444). The record is devoid of any evidence that O'Sullivan was visibly intoxicated, and the unsworn report of the plaintiff's expert containing speculative and conclusory assertions was insufficient to raise an issue of fact in this regard. Thus, Rosmuc met its burden of negating the inference that alcohol had been served to a visibly intoxicated person (*see, Costa v 1648 Second Ave. Rest.,* 221 AD2d 299). Accordingly, the plaintiff's cause of action against Rosmuc pursuant to the Dram Shop Act was properly dismissed. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.