Lynn McGilveary, Respondent, v Christopher W. Baron, Respondent, and Niagara Falls Country Club, Appellant. [772 NYS2d 775]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered December 12, 2002. The order, insofar as appealed from, denied the motion of defendant Niagara Falls Country Club for summary judgment dismissing the complaint against it in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in a motor vehicle accident with defendant Christopher W. Baron, who pleaded guilty, inter alia, to driving while ability impaired. Plaintiff alleged that

Baron, whose blood alcohol content was .16%, was visibly intoxicated when he was served alcoholic beverages at defendant Niagara Falls Country Club (NFCC) and thus that NFCC thereby violated Alcoholic Beverage Control Law § 65 (2). Supreme Court properly denied the motion of NFCC for summary judgment dismissing the complaint against it. Although NFCC met its initial burden on the motion by submitting affidavits from all of the employees working at NFCC on the day of the accident, none of whom had any recollection that Baron was visibly intoxicated, plaintiff raised a triable issue of fact in opposition to the motion. Contrary to the contention of NFCC, visible intoxication may be established by circumstantial evidence, including expert and eyewitness testimony (*see Adamy v Ziriakus*, 92 NY2d 396, 401-403 [1998]; *Kelly v Fleet Bank*, 271 AD2d 654, 655 [2000], *lv denied* 96 NY2d 702 [2001]). As the Court of Appeals wrote in *Romano v Stanley* (90 NY2d 444, 450 [1997]), the use of the term "visible" by the Legislature does not require that visible intoxication "be established by direct proof in the form of testimonial evidence from someone who actually observed the allegedly intoxicated person's demeanor at the time and place that the alcohol was served." "Proof of a high blood alcohol count alone, however, generally does not establish the 'visible' intoxication that Alcoholic Beverage Control Law § 65 (2) requires," for two reasons (*id.*). First, to allow such proof alone to establish visible intoxication would run counter to the Legislature's goal of requiring actual knowledge or notice of a customer's condition as the basis for an unlawful sale and, second, "it is well known that the effects of alcohol consumption 'may differ greatly from person to person' . . . and that tolerance for alcohol is subject to wide individual variation" (*id.*).

In this case, plaintiff relies on the affidavit of an expert, i.e., a toxicologist/pharmacist, who did not rely solely on Baron's blood alcohol level to reach his conclusion that Baron was visibly intoxicated when he was served at NFCC. Rather, the expert relied on, inter alia, the affidavit of the police officer who arrested Baron for driving while intoxicated. The officer stated therein that Baron was stopped shortly after he left NFCC and that he failed every sobriety test administered, had glassy eyes, a strong odor of alcohol, impaired speech and impaired motor coordination. We therefore conclude that plaintiff raised an issue of fact whether Baron "displayed signs of intoxication that should have alerted" NFCC employees to his intoxication (*Adamy*, 92 NY2d at 403; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.