■ WILLIAM L. RIVERA et al., Respondents, v ALEXANDER FRANCIS, Appellant. [776 NYS2d 840]—

In an action to recover damages for personal injuries, etc., the defendant appeals from (1) an order of the Supreme Court, Kings County (Hubsher, J.), dated September 16, 2003, and (2) an order of the same court dated October 7, 2003, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff William Liburd Rivera did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal from the order dated September 16, 2003, is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order dated October 7, 2003, is reversed, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant made a prima facie showing that the plaintiff William Liburd Rivera (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician was based upon an examination made some six years after the last medical treatment rendered to the plaintiff, and neither the physician nor the plaintiff proffered a satisfactory explanation for this significant gap in treatment (see Jimenez v Kambli, 272 AD2d 581, 582 [2000]; Smith v Askew, 264 AD2d 834 [1999]).

Moreover, the plaintiff failed to submit any competent medical evidence supporting his claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident as a result of that accident (see Sainte-Aime v Ho, 274 AD2d 569, 570 [2000]; Jackson v New York City Tr. Auth., 273 AD2d 200, 201 [2000]; Greene v Miranda, 272 AD2d 441, 442 [2000]; Arshad v Gomer, 268 AD2d 450 [2000]; Bennett v Reed, 263 AD2d 800 [1999]; DiNunzio v County of Suffolk, 256 AD2d 498, 499 [1998]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.