██ THOMAS KISH et al., Individually and as Parents and Natural Guardians of CHRISTINA M. KISH, et al., Respondents, v VICTOR N. FARLEY, as Administrator of the Estate of CHRISTINA W. MILLS, Deceased, et al., Defendants, and G.P. TRALF, INC., Doing Business as TRALFAMADORE CAFÉ, Appellant. (Action No.

1.) THERESE WISIOREK, as Administratrix of the Estate of AN-
THONY G. WISIOREK, Deceased, Respondent, v G.P. TRALF, INC.,
Doing Business as TRALFAMADORE CAFÉ, Appellant, et al., De-
fendant. (Action No. 2.) [807 NYS2d 235]—

Appeal from an order of the Supreme Court, Erie County
(Joseph R. Glownia, J.), entered September 10, 2004. The order,
insofar as appealed from, denied the motion of defendant G.P.
Tralf, Inc., doing business as Tralfamadore Café, for partial
summary judgment.

It is hereby ordered that the order so appealed from be and
the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs Thomas Kish and Anna Kish,
individually and as parents and natural guardians of Christina
M. Kish, and Christina M. Kish, individually, commenced action
No. 1 against, inter alia, defendants Victor N. Farley, as
administrator of the estate of Christina W. Mills, and G.P. Tralf,
Inc., doing business as Tralfamadore Café (Tralf), seeking dam-
ages for injuries sustained by Christina Kish (Kish) when the
vehicle in which she was a passenger collided with a vehicle
driven by Mills. Plaintiff Therese Wisiorek, as administratrix of
the estate of Anthony G. Wisiorek, commenced action No. 2
against Tralf and Farley, as administrator of the estate of Mills.
Anthony Wisiorek was driving the vehicle in which Kish was a
passenger.

Supreme Court properly denied the motion of Tralf for partial
summary judgment dismissing the cause of action pursuant to
General Obligations Law § 11-101 and Alcoholic Beverage
Control Law § 65 asserted in action No. 1 and the claim in ac-
tion No. 2 asserting the violation of General Obligations Law
§ 11-101. Although Tralf met its initial burden on the motion by
submitting affidavits in which its employees averred that they
had no recollection that Mills was visibly intoxicated while she
was a patron at Tralf's establishment, plaintiffs raised a triable

issue of fact whether Mills "displayed signs of intoxication that should have alerted [Tralf's] employees" that she was intoxicated (*Adamy v Ziriakus*, 92 NY2d 396, 403 [1998]). Contrary to Tralf's contention, visible intoxication may be established by circumstantial evidence, including expert and eyewitness testimony (*see id.* at 401-403; *Kelly v Fleet Bank*, 271 AD2d 654, 655 [2000], *lv denied* 96 NY2d 702 [2001]). Indeed, the Legislature's use of the term "visibl[e]" in Alcoholic Beverage Control Law § 65 (2) does not require that visible intoxication "be established by direct proof in the form of testimonial evidence from someone who actually observed the allegedly intoxicated person's demeanor at the time and place that the alcohol was served" (*Romano v Stanley*, 90 NY2d 444, 450 [1997]).

While proof of high blood alcohol count alone generally does not establish visible intoxication, in this case plaintiffs submitted the affidavit of a physician who is a professor emeritus in the department of pharmacology and toxicology at a State University School of Medicine who did not rely solely on the blood alcohol level of Mills in concluding "within a reasonable degree of medical certainty" that she "probably exhibited visible signs of intoxication" while she was a patron at Tralf's establishment approximately 10 minutes before the accident occurred. Rather, the physician relied on the deposition testimony of Mills's "companion and co-habitant of 10 years," who according to the physician described Mills's visible signs of intoxication as "droopy eyes, fragmented, incoherent and irrational speech, plus a tearful and irritable demeanor." The physician also relied on statements from eyewitnesses that Mills was driving her vehicle in the wrong direction with her lights off and that she ignored the warnings of other drivers, who were sounding their horns and flashing their lights. We thus conclude that plaintiffs raised a triable issue of fact to defeat Tralf's motion. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.