■ DERRICK A. SWARTZ et al., Respondents, v VICTOR F. KALSON et al., Appellants. [910 NYS2d 630]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 21, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, damages for injuries sustained by plaintiff Derrick A. Swartz (plaintiff) when the vehicle he was operating collided with a vehicle operated by defendant Victor F. Kalson. Contrary to the contention of defendants, Supreme Court properly denied those parts of their motion seeking summary judgment dismissing the complaint insofar as plaintiffs allege that plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories set forth in Insurance Law § 5102 (d). In support of their motion, defendants relied on, inter alia, the affirmed medical report of the physician who examined plaintiff on defendants' behalf. Defendants' expert addressed the allegation that plaintiff sustained

a qualifying psychological injury, i.e., post-traumatic stress disorder, in merely a conclusory fashion (*see Brandt-Miller v McArdle*, 21 AD3d 1152, 1154 [2005]; *cf. Taranto v McCaffrey*, 40 AD3d 626 [2007]; *see generally Landman v Sarcona*, 63 AD3d 690 [2009]), and the brief statements of defendants' expert concerning plaintiff's alleged traumatic brain injury were similarly conclusory (*see generally Landman*, 63 AD3d 690 [2009]; *Hughes v Cai*, 31 AD3d 385 [2006]). Defendants thus failed to meet their initial burden on the motion with respect to those two categories of serious injury, based on both the conclusory statements in their expert's report and the medical records of plaintiff submitted by defendants in support of their motion indicating that plaintiff did in fact sustain injuries within the meaning of those two categories. Because defendants failed to meet their initial burden, we do not examine the sufficiency of plaintiffs' opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.