# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**251**
**CA 10-01700**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

CRYSTAL M. GONYOU AND SCOTT A. GONYOU,
PLAINTIFFS-APPELLANTS,

V                                      MEMORANDUM AND ORDER

ROBERTA D. MCLAUGHLIN, DEFENDANT,
JUSTIN M. SANMARTIN AND ROBERT F. NOVAK,
DEFENDANTS-RESPONDENTS.

---

RIVETTE & RIVETTE, P.C., SYRACUSE (RYAN L. ABEL OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LEVENE GOULDIN & THOMPSON, LLP, BINGHAMTON (SARAH E. NUFFER OF
COUNSEL), FOR DEFENDANT-RESPONDENT JUSTIN M. SANMARTIN.

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (GARY H. COLLISON OF
COUNSEL), FOR DEFENDANT-RESPONDENT ROBERT F. NOVAK.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Cayuga County (Mark H. Fandrich, A.J.), entered April 30, 2010
in a personal injury action. The order and judgment granted the
motions of defendants Justin M. Sanmartin and Robert F. Novak for
summary judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously reversed on the law without costs, the motions are
denied and the complaint is reinstated against defendants Justin M.
Sanmartin and Robert F. Novak, and the matter is remitted to Supreme
Court, Cayuga County, for further proceedings in accordance with the
following Memorandum: Plaintiffs commenced this action seeking
damages for injuries allegedly sustained by Crystal M. Gonyou
(plaintiff) while she was operating a vehicle that was involved in a
multi-vehicle accident. Supreme Court erred in granting the motions
of Justin M. Sanmartin and Robert F. Novak (defendants) seeking
summary judgment dismissing the complaint against them. "On a motion
for summary judgment dismissing a complaint that alleges serious
injury under Insurance Law § 5102 (d), the defendant bears the initial
burden of establishing by competent medical evidence that [the]
plaintiff did not sustain a serious injury caused by the accident"
(*Howard v Espinosa*, 70 AD3d 1091, 1091-1092 [internal quotation marks
omitted]). Here, defendants failed to meet that burden inasmuch as,
by their own submissions in support of their motions, they raised
triable issues of fact whether plaintiff sustained a serious injury
within the meaning of the statute (*see Phoung Le Nguyen v Wilson*, 8

AD3d 1036).  Because defendants failed to meet their initial burden, we do not consider the sufficiency of plaintiffs' opposing papers (*see Swartz v Kalson*, 78 AD3d 1553, 1554).  We note, however, that the court in its order determined that plaintiffs' cross motion was moot in light of the dismissal of the complaint against defendants. Because we are reinstating the complaint against defendants, we remit the matter to Supreme Court to determine plaintiffs' cross motion.

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court