# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1216**
**CA 15-00699**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

STEVEN J. CRACCHIOLA AND KIM CRACCHIOLA,
PLAINTIFFS-RESPONDENTS,

V                                                   MEMORANDUM AND ORDER

BRYAN SAUSNER AND JOHN W. DANFORTH COMPANY,
DEFENDANTS-APPELLANTS.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ROBERT D. LEARY OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered August 15, 2014. The order denied in part the
motion of defendants for summary judgment dismissing the complaint and
granted the cross motion of plaintiffs for partial summary judgment on
the issue of negligence.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the cross motion, and as
modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by Steven J. Cracchiola (plaintiff) when
the vehicle he was driving was rear-ended by a vehicle driven by
defendant Bryan Sausner and owned by Sausner's employer, defendant
John W. Danforth Company. Defendants moved for summary judgment
dismissing the complaint on the ground that plaintiff did not sustain
a serious injury in the accident (*see* Insurance Law § 5102 [d]), and
plaintiffs cross-moved for partial summary judgment on the issue of
negligence. Supreme Court granted defendants' motion only in part,
denying the motion with respect to two categories of serious injury,
and the court granted plaintiffs' cross motion. We note at the outset
that plaintiffs did not cross-appeal from the order insofar as it
granted defendants' motion in part (*see* Campbell v County of Suffolk,
57 AD3d 821, 822). We further note that we agree with defendants that
plaintiffs' cross motion was untimely, inasmuch as it was made more
than 120 days after the note of issue was filed, and plaintiffs did
not seek leave to file a late motion or show good cause for their
delay pursuant to CPLR 3212 (a). Contrary to plaintiffs' contention,
the cross motion was not " 'made on nearly identical grounds' as
defendants' timely motion," and thus the cross motion was not properly

before the court (*Covert v Samuel*, 53 AD3d 1147, 1148).  We therefore modify the order accordingly.

By failing to object to defendants' submissions at the motion court, plaintiffs failed to preserve for our review their contention that defendants improperly submitted unsworn medical records that were obtained pursuant to authorizations rather than directly from plaintiffs' counsel (*see Toure v Avis Rent a Car Sys.*, 98 NY2d 345, 351 n 3; *Shinn v Catanzaro*, 1 AD3d 195, 197-198), and that contention lacks merit in any event (*see Houston v Geerlings*, 83 AD3d 1448, 1448).  We agree with plaintiffs, however, that the court properly denied defendants' motion with respect to the two remaining categories of serious injury, i.e., permanent consequential limitation of use and significant limitation of use, because defendants failed to establish their entitlement to judgment as a matter of law (*see Summers v Spada*, 109 AD3d 1192, 1192-1193; *Strong v ADF Constr. Corp.*, 41 AD3d 1209, 1210).  Although defendants submitted medical reports from defendants' examining physicians concluding that plaintiff's injuries were inconsequential, transient, and attributable to preexisting degenerative conditions, they also submitted medical reports from plaintiff's treating physician and an examining chiropractor concluding that plaintiff's injuries were "significant, permanent, and causally related to the accident" (*Vitez v Shelton*, 6 AD3d 1180, 1182).  Because defendants failed to meet their initial burden on the motion with respect to those two categories of serious injury, we need not consider the sufficiency of plaintiffs' opposing papers (*see Gonyou v McLaughlin*, 82 AD3d 1626, 1627).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court