■ WILLIAM H. SHEEHAN et al., Respondents, v THOMAS A.
GILRAY, JR., et al., Defendants, and CENTRAL TERMINAL RESTO-
RATION CORPORATION, Appellant. (Appeal No. 1.) [58 NYS3d 821]—

Appeal from an order of the Supreme Court, Erie County
(John A. Michalek, J.), entered June 14, 2016. The order, among
other things, denied in part the motion of defendant Central
Terminal Restoration Corporation for summary judgment
dismissing the complaint against it.

It is hereby ordered that the order so appealed from is
unanimously affirmed without costs.

Memorandum: William H. Sheehan, a plaintiff in appeal No.
1, and Michael A. Serrano, the plaintiff in appeal No. 2, were
passengers in a vehicle operated by Marcy A. Sheehan, the
second plaintiff in appeal No. 1. Sometime between 10:30 p.m.
and 11:00 p.m., Marcy Sheehan lost control of the vehicle and
struck a concrete barrier, and the occupants exited the vehicle
and walked to a grassy area off of the roadway. Shortly there-
after, the Sheehan vehicle was struck by a vehicle operated by
a nonparty. Following that collision, William Sheehan and Ser-
rano returned to the area where the two vehicles were situ-
ated, and the police arrived. Soon after the arrival of the po-
lice, a vehicle operated by defendant Thomas A. Gilray, Jr.
collided with the Sheehan vehicle, which then struck William
Sheehan and Serrano. Thereafter, Gilray failed three field
sobriety tests and, at 1:35 a.m. on April 2, 2013, his blood
alcohol level was recorded as .127%. Earlier in the evening,
Gilray had attended an event at defendant Corpus Christi
Church (CCC), where he consumed alcohol, and he thereafter
consumed more alcohol at an event hosted by defendant
Central Terminal Restoration Corporation (Central Terminal).
Gilray left Central Terminal between 10:00 p.m. and 10:30
p.m., stopped at his place of employment, and then was
involved in the subject motor vehicle accident at 11:00 p.m.
Plaintiffs commenced their respective actions against, inter
alia, Central Terminal alleging, among other things, that
Central Terminal was responsible for their injuries inasmuch
as it sold and/or provided alcohol to Gilray while he was visibly
intoxicated, in violation of General Obligations Law § 11-101
and Alcoholic Beverage Control Law § 65.

We conclude that Supreme Court properly denied that part
of the motion of Central Terminal for summary judgment with

respect to the claims against it for violations of General Obligations Law § 11-101 and Alcoholic Beverage Control Law § 65. Although Central Terminal met its initial burden on those parts of the motion by submitting the deposition testimony of individuals who had interacted with Gilray prior to the accident, none of whom had any recollection that Gilray was visibly intoxicated, plaintiffs raised a triable issue of fact in opposition thereto. It is well established that "visible intoxication may be established by circumstantial evidence, including expert and eyewitness testimony" (*Kish v Farley*, 24 AD3d 1198, 1200 [2005]; *see McGilveary v Baron*, 4 AD3d 844, 845 [2004]). "While proof of high blood alcohol count alone generally does not establish visible intoxication, in this case plaintiffs submitted the affidavit of [a forensic toxicologist with a Ph.D. in physical organic chemistry] who did not rely solely on the blood alcohol level of [Gilray]" in concluding that Gilray was likely showing signs of visible intoxication at Central Terminal (*Kish*, 24 AD3d at 1200). Rather, the expert relied on, inter alia, the deposition testimony of the police officer who arrested Gilray for driving while intoxicated and the police officer who spoke to Gilray at the police station. Those officers testified that Gilray failed every sobriety test administered, had bloodshot or glassy eyes and slurred speech, and smelled of alcohol (*see McGilveary*, 4 AD3d at 845; *see also Adamy v Ziriakus*, 92 NY2d 396, 402-403 [1998]). The expert also relied on the testimony of an investigator for the New York State Police Collision Reconstruction Unit who reviewed the "black box" data and concluded that Gilray was traveling at a speed of 85 miles per hour within four seconds of the accident and 74 miles per hour at the time of impact, which was well above the speed limit (*see generally Kish*, 24 AD3d at 1200). We therefore conclude that plaintiffs raised a triable issue of fact whether Gilray exhibited signs of visible intoxication while he was present at Central Terminal " 'that should have alerted' " Central Terminal employees to his intoxication (*McGilveary*, 4 AD3d at 845). Present—Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ.