Koch v Heather (2019 NY Slip Op 05902)





Koch v Heather


2019 NY Slip Op 05902


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


517 CA 18-02236

[*1]DAROLYN A. KOCH, PLAINTIFF-RESPONDENT,
v
HELEN T. HEATHER, DEFENDANT-APPELLANT. 






LAW OFFICE OF VICTOR M. WRIGHT, ORCHARD PARK (RACHEL A. EMMINGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (ALISON K. HASELEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 5, 2018. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained in a car accident with defendant. Defendant thereafter moved for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) that was causally related to the car accident. Supreme Court granted the motion in part, and denied the motion with respect to plaintiff's claim of serious injury to her shoulder. Defendant now appeals, contending that the court erred in refusing to grant the motion in its entirety. We affirm.
Defendant failed to meet her initial burden of demonstrating her entitlement to judgment as a matter of law dismissing plaintiff's claim that she suffered a serious injury to her shoulder under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories in the car accident (see James v Thomas, 156 AD3d 1440, 1440-1441 [4th Dept 2017]; Swartz v Kalson, 78 AD3d 1553, 1553-1554 [4th Dept 2010]). Because defendant failed to meet her initial burden with regard to plaintiff's claimed shoulder injury, we need not consider the sufficiency of plaintiff's opposing papers on that issue (see Cracchiola v Sausner, 133 AD3d 1355,
1356-1357 [4th Dept 2015]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court