Lozzi v Fuller Rd. Mgt. Corp. (2019 NY Slip Op 06915)





Lozzi v Fuller Rd. Mgt. Corp.


2019 NY Slip Op 06915


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


822 CA 19-00019

[*1]ANTHONY P. LOZZI, PLAINTIFF,
v
FULLER ROAD MANAGEMENT CORPORATION, M+W U.S., INC., DEFENDANTS-APPELLANTS, AND ARROW SHEET METAL WORKS, INC., DEFENDANT-RESPONDENT. 






BARCLAY DAMON LLP, ROCHESTER (ROBERT M. SHADDOCK OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (DAVID M. GOODMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J., for Tracey A. Bannister, J.), entered July 26, 2018. The order, insofar as appealed from, denied the cross motion of defendants Fuller Road Management Corporation and M+W U.S., Inc., for summary judgment on their cross claim for indemnification against defendant Arrow Sheet Metal Works, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendants Fuller Road Management Corporation (Fuller) and M+W U.S., Inc. (MWI) appeal from an order that, inter alia, denied the cross motion of Fuller and MWI seeking summary judgment on their cross claim for indemnification against defendant Arrow Sheet Metal Works, Inc. We affirm.
Supreme Court properly denied the cross motion of Fuller and MWI inasmuch as it was untimely. In a scheduling order, the court ordered that motions for summary judgment must be filed and served within 60 days of the filing of the trial note of issue. Plaintiff subsequently filed the note of issue on November 20, 2017. The joint cross motion for summary judgment filed by Fuller and MWI on March 19, 2018 was therefore untimely, and Fuller and MWI were thus required to establish good cause for the delay (see Mitchell v City of Geneva, 158 AD3d 1169, 1169 [4th Dept 2018]; Finger v Saal, 56 AD3d 606, 606-607 [2d Dept 2008]; see generally Brill v City of New York, 2 NY3d 648, 651 [2004]). Fuller and MWI first addressed the issue of "good cause" in their reply papers, however, and "[i]t is well settled that it is improper for a court to consider the good cause' proffered by a movant if it is presented for the first time in reply papers" (Mitchell, 158 AD3d at 1169; see Bissell v New York State Dept. of Transp., 122 AD3d 1434, 1434-1435 [4th Dept 2014]).
Contrary to the contention of Fuller and MWI, their untimely cross motion was not "made on nearly identical grounds" as plaintiff's timely motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, and thus their cross motion was not properly before the court on that basis (Cracchiola v Sausner, 133 AD3d 1355, 1356 [4th Dept 2015] [internal quotation marks omitted]; see Jarama v 902 Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 691-692 [1st Dept 2018]).
In light of our determination, we do not address the remaining contentions of Fuller and MWI.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court