Calagiovanni v Carello (2019 NY Slip Op 08034)





Calagiovanni v Carello


2019 NY Slip Op 08034


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., NEMOYER, TROUTMAN, AND WINSLOW, JJ.


942 CA 19-00123

[*1]ALICIA S. CALAGIOVANNI, PUBLIC ADMINISTRATOR OF ONONDAGA COUNTY, AS ADMINISTRATOR OF THE ESTATE OF SUMMER A. RUPERT-WOZNICZKA, ALSO KNOWN AS SUMMER A. RUPERT, DECEASED, PLAINTIFF-RESPONDENT,
v
VINCENT T. CARELLO, HAYLEE E. COVELL, DEFENDANTS-RESPONDENTS, JAKE HAFNER'S TAVERN, INC., AND JAKE HAFNER'S RESTAURANT & TAVERN, DEFENDANTS-APPELLANTS. 






BARCLAY DAMON LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
DEFRANCISCO & FALGIATANO, LLP, EAST SYRACUSE (JEAN MARIE WESTLAKE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
OSBORN, REED & BURKE, LLP, UTICA (BRIDGET M. TALERICO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered January 7, 2019. The order denied the motion of defendants Jake Hafner's Tavern, Inc. and Jake Hafner's Restaurant & Tavern for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action as the Public Administrator of the estate of decedent, who was struck and killed by a vehicle driven by defendant Vincent T. Carello. Throughout the evening preceding the accident and into the early morning hours of the day of the accident, Carello consumed alcohol and nonalcoholic energy drinks, and he smoked marihuana. Carello and his companions arrived at a tavern owned by defendants-appellants (defendants) after midnight, and he was served alcohol at that tavern. After the tavern closed, Carello fell asleep in a parked vehicle owned by defendant Haylee E. Covell. Although Carello drove home hours later without incident, he left in the vehicle a few minutes later and shortly thereafter struck and killed decedent. Plaintiff commenced this action, alleging, among other things, that defendants were responsible for decedent's injuries and death inasmuch as they sold or provided alcohol to Carello while he was visibly intoxicated, in violation of General Obligations Law § 11-101 and Alcoholic Beverage Control Law
§ 65.
Supreme Court properly denied that part of defendants' motion seeking summary judgment dismissing the causes of action against them based on alleged violations of those two statutes. Contrary to defendants' contention, they failed to meet their initial burden on their motion by establishing that Carello was not visibly intoxicated at the time he was served at the tavern. In support of their motion, defendants submitted the deposition testimony of various eyewitnesses who observed Carello in a visibly intoxicated state shortly after being served his last drink. It is well established that visible intoxication may be established through circumstantial evidence (see Romano v Stanley, 90 NY2d 444, 450 [1997]; Sheehan v Gilray, 152 AD3d 1179, 1180 [4th Dept 2017]; Kish v Farley, 24 AD3d 1198, 1200 [4th Dept 2005]), and the eyewitnesses' testimony was sufficient in this case to raise a triable issue of fact with [*2]respect to whether Carello was visibly intoxicated at the time he was served (see Adamy v Ziriakus, 92 NY2d 396, 402-403 [1998]; Conklin v Travers, 129 AD3d 765, 766 [2d Dept 2015]).
Contrary to their further contention, defendants failed to meet their initial burden by establishing that the alleged violations of General Obligations Law § 11-101 and Alcoholic Beverage Control Law
§ 65 were not related to decedent's injuries and death (see Oursler v Brennan, 67 AD3d 36, 43 [4th Dept 2009]; Van Valkenburgh v Koehler, 164 AD2d 971, 972 [4th Dept 1990]), i.e., that Carello was not intoxicated at the time he struck and killed decedent. In support of their motion, defendants submitted the deposition testimony of a person who resided with Carello on the date of the accident and that of a police officer; those witnesses, respectively, observed Carello in an intoxicated state immediately before and immediately after the accident. That testimony was sufficient to raise a triable issue of fact with respect to Carello's intoxication at the time of the accident notwithstanding the fact that his blood alcohol content was measured at .05% approximately two and one-half hours after the accident (see Renzo v Tops Friendly Mkts., 136 AD2d 952, 953 [4th Dept 1988]; see also Vehicle and Traffic Law § 1195 [2] [a]).
Because defendants failed to meet their initial burden on the motion, there is no need to consider the sufficiency of plaintiff's submissions in opposition thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Were we to review plaintiff's submissions, particularly the affidavit of plaintiff's expert, we would conclude that they were sufficient to raise triable issues of fact with respect to Carello's visible intoxication at the time he was served (see Sheehan, 152 AD3d at 1180; Kish, 24 AD3d at 1200) as well as his intoxication at the time of the accident.
Inasmuch as defendants failed to establish that they were free of liability, the court properly denied that part of their motion seeking dismissal of the cross claim asserted against them for contribution (see Oursler, 67 AD3d at 45; O'Gara v Alacci, 67 AD3d 54, 59 [2d Dept 2009]) and common-law indemnification (see Reynolds v Studley, 217 AD2d 1000, 1000 [4th Dept 1995]). Contrary to defendants' final contention, the court properly denied that part of their motion seeking dismissal of plaintiff's wrongful death cause of action against them (see General Obligations Law § 11-101 [2]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court