Lamar v Anastasi (2020 NY Slip Op 06617)





Lamar v Anastasi


2020 NY Slip Op 06617


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


710 CA 19-01553

[*1]MICHAEL D. LAMAR, PLAINTIFF-APPELLANT,
v
AARON M. ANASTASI, DEFENDANT-RESPONDENT. 






WOODRUFF LEE CARROLL, P.C., SYRACUSE (WOODRUFF LEE CARROLL OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AALOK J. KARAMBELKAR OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered March 25, 2019. The order granted the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he purportedly sustained in a motor vehicle accident with defendant. Plaintiff alleged that, as a result of the motor vehicle accident, he suffered a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent loss of use, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury that was causally related to the accident. Supreme Court granted the motion, and plaintiff appeals. We affirm.
We note at the outset that plaintiff contends on appeal only that he sustained a serious injury to his cervical spine under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury, and therefore he has abandoned his other particularized claims of serious injury (see Koneski v Seppala, 158 AD3d 1211, 1212 [4th Dept 2018]; Barron v Northtown World Auto, 137 AD3d 1708, 1708-1709 [4th Dept 2016]).
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]). Here, defendant met that burden by establishing through the affirmed report of his expert that plaintiff's injuries to his cervical spine were caused by a preexisting condition (see Perl v Meher, 18 NY3d 208, 218 [2011]; Goodwin v Walter, 165 AD3d 1596, 1597 [4th Dept 2018]; Kwitek v Seier, 105 AD3d 1419, 1420-1421 [4th Dept 2013]). After completing his examination of plaintiff and reviewing plaintiff's medical records and imaging studies, defendant's expert opined that there was no objective medical evidence that plaintiff sustained any significant orthopedic injury in the relevant accident. The expert noted that plaintiff had chronic orthopedic issues throughout his neck and had been on medication for chronic spinal problems since the 1980s. The expert also opined that there was no objective evidence that plaintiff's cervical spine condition had worsened as a result of the accident; that the imaging studies taken after the accident, as compared to the pre-accident studies, "showed [only] chronic degenerative findings"; and that ultimately there was no orthopedic injury to his cervical spine that was causally related to the accident.
Because defendant met his initial burden on the motion, the burden shifted to plaintiff "to [*2]come forward with evidence addressing defendant's claimed lack of causation" (Pommells v Perez, 4 NY3d 566, 580 [2005]; see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; see also Carpenter v Steadman, 149 AD3d 1599, 1600 [4th Dept 2017]). Plaintiff, however, failed to present competent evidence in admissible form that "adequately address[ed] how plaintiff's alleged [cervical spine] injuries, in light of [his] past medical history, [were] causally related to the subject accident" (Fisher v Hill, 114 AD3d 1193, 1194 [4th Dept 2014], lv denied 23 NY3d 909 [2014] [internal quotation marks omitted]; see Franchini, 1 NY3d at 537; French v Symborski, 118 AD3d 1251, 1252 [4th Dept 2014], lv denied 24 NY3d 904 [2014]), and therefore failed to raise a triable issue of fact in opposition. We have reviewed plaintiff's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court