Henderson v Cuyler (2022 NY Slip Op 04491)

Henderson v Cuyler

2022 NY Slip Op 04491

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

498 CA 21-01020

[*1]JAIMERE HENDERSON, PLAINTIFF-RESPONDENT,
v
SHAIMAN CUYLER, DEFENDANT-APPELLANT. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AALOK J. KARAMBELKAR OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ERIC P. SMITH, LIVERPOOL, FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 15, 2021. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he was struck by a vehicle operated by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Defendant now appeals from an order insofar as it denied the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. We agree with defendant that Supreme Court should have granted his motion in its entirety, and we reverse the order insofar as appealed from.
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]; see Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021]; Lamar v Anastasi, 188 AD3d 1637, 1637 [4th Dept 2020]). We agree with defendant that he met his initial burden on the motion by submitting the affidavit of a physician who reviewed plaintiff's imaging studies, medical records and medical history and opined that plaintiff sustained only "temporary soft tissue contusions (bruises) of the left hip and ribs as a result of the accident," which do not constitute serious injury (see e.g. Kracker v O'Connor, 158 AD3d 1324, 1325 [4th Dept 2018]; Williams v Jones, 139 AD3d 1346, 1347 [4th Dept 2016]), and that any other residual alleged injuries were caused by "pre-existing conditions" (see Perl v Meher, 18 NY3d 208, 218 [2011]; Lamar, 188 AD3d at 1637-1638).
Inasmuch as defendant met his initial burden on the motion, the burden shifted to plaintiff to "come forward with evidence indicating a serious injury causally related to the accident" (Pommells v Perez, 4 NY3d 566, 579 [2005]). We agree with defendant that plaintiff failed to raise a triable issue of fact sufficient to defeat the motion. Plaintiff's expert, who did not physically examine plaintiff until six years after the accident, "failed to adequately address plaintiff's preexisting . . . condition and other medical problems, and did not provide any foundation or objective medical basis supporting the conclusions [he] reached" (Franchini v Palmieri, 1 NY3d 536, 537 [2003]; see Hartman-Jweid v Overbaugh, 70 AD3d 1399, 1400 [4th Dept 2010]). More specifically, in light of the six-year gap in treatment, the opinion of plaintiff's expert chiropractor that the range of motion limitations were causally related to the subject [*2]accident is "speculative" (Alverio v Martinez, 160 AD3d 454, 455 [1st Dept 2018]). Plaintiff's expert chiropractor never explained how he reached the conclusion that the accident caused the injuries he observed six years later (see generally Gaddy v Eyler, 79 NY2d 955, 958 [1992]) and never addressed the findings of defendant's expert to the contrary (see McConnell v Freeman, 52 AD3d 1190, 1191 [4th Dept 2008]; Wallingford v Perez, 11 AD3d 390, 391 [1st Dept 2004]). "Such failure to address crucial facts relevant to causation warrants a finding" that the accident did not cause any of the alleged serious physical injuries that the chiropractor documented six years later (Wallingford, 11 AD3d at 391; see Rivera v Francis, 7 AD3d 690, 691 [2d Dept 2004]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court