Abate v Wolf (2023 NY Slip Op 04264)

Abate v Wolf

2023 NY Slip Op 04264

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND OGDEN, JJ.

412 CA 22-01295

[*1]MELINDA B. ABATE, MATTHEW C. ABATE, PLAINTIFFS-RESPONDENTS, AND PETER TUBIOLO, PLAINTIFF-RESPONDENT-APPELLANT,
v
ELIZABETH S. BLACK WOLF, ALSO KNOWN AS ELIZABETH BLACK, DEFENDANT-RESPONDENT, 1840 RESTAURANT, LLC, 1840 RESTAURANT, LLC, DOING BUSINESS AS COMPANE BRICK OVEN BISTRO, DEFENDANTS-APPELLANTS, AND COMPANE LLC, DEFENDANT. (APPEAL NO. 1.) 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CAMPBELL & ASSOCIATES, HAMBURG (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 
FARACI LANGE, LLP, ROCHESTER (CAROL A. MCKENNA OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (STACY A. MARRIS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeals from an order of the Supreme Court, Monroe County (Craig J. Doran, J.), entered July 25, 2022. The order denied in part the motion of defendants 1840 Restaurant, LLC and 1840 Restaurant, LLC, doing business as Compane Brick Oven Bistro seeking summary judgment and granted the motion of defendant Elizabeth S. Black Wolf for summary judgment dismissing the complaint of plaintiff Peter Tubiolo against her. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs Melinda B. Abate and Matthew C. Abate, as well as plaintiff Peter Tubiolo, commenced separate actions which were later consolidated against defendants 1840 Restaurant, LLC and 1840 Restaurant, LLC, doing business as Compane Brick Oven Bistro (collectively, restaurant defendants) and defendant Elizabeth S. Black Wolf, also known as Elizabeth Black, seeking damages for injuries allegedly sustained by Melinda B. Abate and Tubiolo in a chain-reaction motor vehicle accident. The accident occurred when a vehicle driven by Black Wolf rear-ended a vehicle driven by Melinda B. Abate, which then collided with a vehicle driven by Tubiolo.
In appeal No. 1, the restaurant defendants and Tubiolo appeal from an order that, inter alia, denied in part the restaurant defendants' motion for summary judgment dismissing the complaints and all cross-claims against them and granted Black Wolf's motion for summary judgment dismissing Tubiolo's complaint against her.
In appeal No. 2, the restaurant defendants appeal from an order denying their motion to bifurcate the trial with respect to the issues of liability and damages.
In appeal No. 1, the restaurant defendants contend on their appeal that Supreme Court erred in denying the parts of their motion seeking summary judgment dismissing the causes of action against them for violation of the Dram Shop Act. We reject that contention because the restaurant defendants did not satisfy their initial burden on their motion of establishing that they did not procure or sell alcohol to Black Wolf or that she was not visibly intoxicated when she was furnished alcohol.
Under the Dram Shop Act, anyone "who shall, by unlawful selling to or unlawfully assisting in procuring liquor for [an] intoxicated person, have caused or contributed to such intoxication" is liable for injuries caused to third parties by reason of that person's intoxication (General Obligations Law § 11-101 [1]). Alcoholic Beverage Control Law § 65 (2) provides that "[n]o person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away, any alcoholic beverages to any visibly intoxicated person."
Contrary to their contention, the evidence submitted by the restaurant defendants in support of their motion raised questions of fact whether they sold alcohol to or assisted in procuring alcohol for Black Wolf (see generally D'Amico v Christie, 71 NY2d 76, 84 [1987]), and whether Black Wolf was visibly intoxicated at that time (see Calagiovanni v Carello, 177 AD3d 1286, 1287 [4th Dept 2019]). Further, even if the restaurant defendants met their initial burden on their motion, we conclude that plaintiffs raised a triable issue of fact in their respective responses (see Sheehan v Gilray, 152 AD3d 1179, 1180 [4th Dept 2017]; Kish v Farley, 24 AD3d 1198, 1199-1200 [4th Dept 2005]).
Also in appeal No. 1, contrary to Tubiolo's contention on his appeal, the court properly granted Black Wolf's motion for summary judgment dismissing his complaint against her. Black Wolf met her initial burden on her motion of establishing by competent medical evidence that Tubiolo did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (see Henderson v Cuyler, 207 AD3d 1208, 1208 [4th Dept 2022]; Lamar v Anastasi, 188 AD3d 1637, 1637-1638 [4th Dept 2020]; see generally Perl v Meher, 18 NY3d 208, 218 [2011]). In opposition to the motion, Tubiolo submitted the affirmation of his treating physician who opined that Tubiolo suffered injuries to his cervical and thoracic spine as a result of the accident that constitute both a significant limitation of use of a body function or system and a permanent consequential limitation of use of a body organ or member, but the treating physician's opinion was based solely upon Tubiolo's subjective complaints of pain. "[S]ubjective complaints alone are not sufficient" to establish a serious injury within the meaning of Insurance Law § 5102 (d) (Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; see Tully v Kenmore-Tonawanda Union Free Sch. Dist., 207 AD3d 1215, 1217 [4th Dept 2022]; Velez v Cohan, 203 AD2d 156, 157-158 [1st Dept 1994]). Thus, Tubiolo failed to raise a triable question of fact in opposition to the motion.
Finally, in appeal No. 2, we conclude that the court did not abuse its discretion in denying the restaurant defendants' motion to bifurcate the trial with respect to the issues of liability and damages. "As a general rule, issues of liability and damages in a negligence action are distinct and severable issues which should be tried separately" (Almuganahi v Gonzalez, 156 AD3d 1491, 1492 [4th Dept 2017] [internal quotation marks omitted]; see generally CPLR 603; 22 NYCRR 202.42 [a]). However, a bifurcated trial is not warranted where " 'the nature of the injuries has an important bearing on the issue of liability' " (Fox v Frometa, 43 AD3d 1432, 1432 [4th Dept 2007]), or where "bifurcation would not assist in clarification or simplification of the issues or a more expeditious resolution of the action" (Zbock v Gietz, 162 AD3d 1636, 1636 [4th Dept 2018]). " 'The decision whether to conduct a bifurcated trial rests within the discretion of the trial court' " (Wright v New York City Tr. Auth., 142 AD3d 1163, 1163 [2d Dept 2016]; see DeAngelis v Martens Farms, LLC, 104 AD3d 1131, 1131 [4th Dept 2013]). We conclude that the court did not abuse its discretion in denying the motion because trying the issues of liability and damages together will result in a "more expeditious resolution of the action" (Blajszczak v McGhee-Reynolds, 191 AD3d 1339, 1340 [4th Dept 2021] [internal quotation marks omitted]).
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court