Giordano v Zepp (2018 NY Slip Op 05288)





Giordano v Zepp


2018 NY Slip Op 05288


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-03620
 (Index No. 9605/12)

[*1]Susan C. Giordano, appellant, 
v
Heather A. Zepp, et al., defendants, Three Brothers Winery & Estates, LLC, respondent.


Giordano & Stern, LLP, Ossining, NY (Anthony M. Giordano of counsel), for appellant.
Burke, Conway & Dillon, White Plains, NY (Thomas J. Burke and Martin Galvin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated January 6, 2016. The order granted the motion of the defendant Three Brothers Winery & Estates, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries she alleges she sustained on November 19, 2011, after she was assaulted by a patron of the defendant Three Brothers Winery & Estates, LLC (hereinafter Three Brothers), following a wine-tasting tour of several wineries. According to the plaintiff, the last wine-tasting event was at Three Brothers, and, after the conclusion of the tour, she had returned to the hotel where she had been staying when the defendant Heather A. Zepp, who had also been at Three Brothers, assaulted her. In her amended complaint, the plaintiff alleged that Three Brothers had served alcohol to an already-intoxicated Zepp, and that, pursuant to the Dram Shop Act (General Obligations Law § 11-101), was therefore liable for her injuries.
Three Brothers moved for summary judgment dismissing the amended complaint [*2]insofar as asserted against it. In an order dated January 6, 2016, the Supreme Court granted the motion. The plaintiff appeals, and we affirm.
"To establish a cause of action under New York's Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the resulting damages" (Dugan v Olson, 74 AD3d 1131, 1132 [citations omitted]; see Alcoholic Beverage Control Law § 65; General Obligations Law § 11-101). To establish its prima facie entitlement to judgment as a matter of law dismissing the Dram Shop Act cause of action insofar as asserted against it, Three Brothers was required to establish either that it did not serve alcohol to Zepp while she was visibly intoxicated, or that the serving of alcohol to Zepp had no reasonable or practical connection to the plaintiff's injuries (see Trigoso v Correa, 150 AD3d 1041, 1043-1044).
Three Brothers met its prima facie burden by submitting affidavits from its owner and four of its employees, all of whom stated that they were at the winery on November 19, 2011, and they did not recall seeing or being informed about any visibly intoxicated patron. In opposition, the plaintiff failed to raise a triable issue of fact (see Dugan v Olson, 74 AD3d at 1133).
Accordingly, we agree with the Supreme Court's determination to grant Three Brothers' motion for summary judgment dismissing the amended complaint insofar as asserted against it.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court